[No. 12761.·  In Bank.—August 18, 1890.]

JAMES PHELAN, RESPONDENT, v. FRANCISCA L. DE MARTIN, APPELLANT.

MORTGAGE — CONVEYANCE TO MORTGAGEE — SALE WITHOUT FRAUD — QUIETING TITLE. — A mortgagor of land is not absolutely restrained by section 2889 of the Civil Code from subsequently conveying all his title and interest in the mortgaged premises to the mortgagee, and where the findings of the trial court, supported by the evidence, show that the sale and conveyance of mortgaged land by the mortgagor to the mortgagee was fair, free from undue influence, oppression, or fraud, and for an adequate price, the judgment upholding such sale and conveyance in an action by the grantee to quiet his title to the land must be affirmed.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

A mortgagor's· conveyance to the mortgagee cannot stand unless the mortgagor sustain the burden of proving the fairness of the transaction and full adequacy of price. (*Villa* v. *Rodriguez*, 12 Wall. 339; *Peugh* v. *Davis*, 96 U. S. 337; *Goodman* v. *Pledger*, 14 Ala. 118; *Schekek*

v. *Hopkins,* 2 Md. Ch. 90; *Dougherty* v. *McColgan,* 6 Gill & J. 275; *Baugher* v. *Merryman,* 32 Md. 191; *Linnell* v *Lyford,* 72 Me. 280; *Barnes* v. *Brown,* 71 N. C. 509; *Perkins* v. *Drye,* 3 Dana, 177; *Odell* v. *Montross,* 68 N. Y. 504; *Holridge* v. *Gillespie,* 2 Johns. Ch. 30.) The contract of purchase was void, being in restraint of the right of redemption. (Civ. Code, sec. 1661, subd. 1, sec. 1667, subd. 1, secs. 2889, 3513; *Perkins* v. *Drye,* 3 Dana, 177; *Bayley* v. *Bailey,* 5 Gray, 505; Greenhood on Public Policy, 499.) The right of redemption exists until title is acquired by adverse possession. (*Hall* v. *Arnott,* 80 Cal. 355, 356; Code Civ. Proc., sec. 346.)

*D. M. Delmas,* for Respondent.

Section 2809 of the Code of Civil Procedure does not preclude a subsequent conveyance to the mortgagee upon an independent contract. (*Green* v. *Butler,* 26 Cal. 595, 601–603; *Remsen* v. *Hay,* 2 Edw. Ch. 542; *Vennum* v. *Babcock,* 13 Iowa, 195; Jones on Mortgages, sec. 1046.)

McFarland, J.—This is an action to quiet title to certain lands in Santa Clara County. Judgment went for plaintiff, and defendant appeals from the judgment upon the judgment roll and a bill of exceptions.

The lands in contest were conveyed by deed to plaintiff by defendant in November, 1881. From that time until the commencement of this action, September 29, 1887, plaintiff has been in possession of the premises. The main issue in the case is this: Defendant claims that when she made the deed, in November, 1881, the plaintiff held mortgages against the property for large amounts, some of which had been foreclosed, with an order of sale issued and a sale advertised; that plaintiff used his relation of mortgagee and the power of his mortgages to force her to sell her equity of redemption; that she was poor and unable to raise the necessary redemption money, and that plaintiff took advantage of these circumstances to

compel her to sell for an inadequate consideration; that under this stress she did sell for an inadequate consideration, and that therefore the sale was void.

We do not see that there is any important question of law really involved in this case. Admitting that all the contentions of appellant about sales from mortgagors to mortgagees are law, — that is, that they must be shown to be fair, free from undue influence, oppression, or fraud, and for adequate prices, — still the findings of the court, supported by the evidence, bring the sale in this case within the law. The land was encumbered with mortgages to the extent of one hundred and ninety-six thousand dollars, and the consideration paid defendant was nineteen thousand dollars. The court finds, among other things, as follows: "That at the time of said conveyance from Francisca L. De Martin to plaintiff, and for a long time before, said Francisca fully understood the character, value, and condition of said property, and was capable of acting understandingly and intelligently in relation thereto, and did so act in and about the property, and said conveyance thereof, and under the independent advice of her attorney, who was skilled in the law, and who did so counsel and advise her honestly, faithfully, impartially, and for her best interests; that plaintiff did not purchase said securities for the purpose of oppressing said Francisca, or for the purpose of obtaining said premises for less than their fair market value; . . . . that plaintiff did not make, or cause to be made, any false or fraudulent representations to said Francisca in relation to said property, or importune her to make said conveyance; that said Francisca was entirely willing to make said conveyance for said sum of nineteen thousand dollars, and made the same without importunity from any person, under the belief that it was for her best interests; that said sale by said Francisca to plaintiff for said nineteen thousand dollars was greatly to her benefit and advantage, and that said nineteen thousand dollars,

and other property owned by her, would have been lost to her if said property had been sold at sheriff's sale under said judgment; that Francisca was given full opportunity to obtain loans upon said property, or to sell the same to other persons, if persons could have been found to make such loan or purchase, and that for that purpose plaintiff caused two postponements of the time for the sheriff's sale under said judgments." It is further found that two hundred and fifteen thousand dollars — the amount of the liens, and the nineteen thousand dollars paid defendant — was a fair value of the property at the time of the conveyance, and indeed it is quite apparent, from the evidence, that said amount could not have been raised on the property from any other source.

It is quite clear that if the findings are sustained by the evidence, the judgment must stand, and that they are so sustained, we have no doubt. An opinion on that question would be mainly a restatement here of the evidence contained in the transcript, which would be a profitless and unnecessary labor.

We do not think that section 2889 of the Civil Code was intended to absolutely restrain, or does absolutely restrain, a mortgagor from subsequently conveying all his title and interest in the mortgaged premises.

The judgment is affirmed.

SHARPSTEIN, J., THORNTON, J., WORKS, J., FOX, J., PATERSON, J., and BEATTY, C. J., concurred.

Rehearing denied.