[Sac. No. 4141. Department One.—December 14, 1928.]

JOHN H. GRAVES, Respondent, v. THE ARIZONA CENTRAL BANK (a Corporation) et al., Appellants.

George R. Freeman for Appellants.

W. T. Belieu for Respondent.

PRESTON, J.—This is an action to remove a cloud from the title to real property claimed by the plaintiff and to that end to enjoin the defendant bank, as judgment creditor, and the sheriff, respectively, from proceeding with an execution sale of said property upon a judgment obtained by defendant bank against one O. E. Squier. We find no merit in the appeal and the judgment must be affirmed.

The court was warranted in finding the facts to be substantially as follows: In 1919 the Superior California Farm Lands Company and said Squier entered into a contract of sale and purchase of some eighty acres of land in Glenn County for a consideration of approximately $12,000, to be paid in annual installments. Thereafter, and up to February 16, 1925, said Squier had paid about $4,000 on the purchase price. On said last-mentioned date said Squier borrowed from plaintiff some $1,500 and as security for the loan delivered a written assignment executed by himself

and his wife to said plaintiff, which assignment on its face was unconditional and no defeasance was executed by plaintiff. It is admitted, however, by him that at the time the assignment was so taken and received it was intended to be as security. Thereafter, however, about the month of July, 1925, said Squier, acknowledging his inability to make further payments under said contract or to repay said loan, surrendered his equity of redemption to plaintiff with the intent to give him the full title to his equitable estate therein. This agreement between these parties was oral. Thereafter, however, plaintiff entered into possession of said property and paid on account of said contract to the vendor various sums of money, aggregating some $2,000 or more and in addition to that paid certain taxes, assessments and water charges in connection with the operation thereof and otherwise acted openly as the owner and possessor of said property. Later, and on January 18, 1927, defendant bank obtained a judgment in the superior court of Glenn County against said Squier for the sum of approximately $1,900. A writ of execution was thereafter sued out addressed to the sheriff of said county and on February 9, 1927, after levying same upon the lands here in dispute, an execution sale of said property was noticed. Thereupon plaintiff filed his complaint herein, praying for an injunction restraining said sale upon the ground that he was the owner of said property and that to allow the sale to proceed would be to cloud his title thereto. On trial of the action the court found plaintiff to be the owner of said property and to have been such on and prior to the levy of said execution and further found that the existence of such a sale against said property would be a cloud upon the title thereto and granted the relief prayed for. The propriety of this action on the part of the court below under these circumstances is involved in this appeal.

"The only point in this action is as to whether the respondent is a mortgagee, or the absolute owner, of Squier's equitable interest in the property," is appellant's characterization of the sole issue under consideration. ▉ It is true that equity of redemption is an interest in real property and that the ordinary rule of conveyances of real property applies to the same extent as to any other estate therein (*Bradbury* v. *Davenport,* 114 Cal. 593 [55 Am. St. Rep. 92,

46 Pac. 1062]). It is also well settled that a conveyance of such equity of redemption by the mortgagor to the mortgagee must rest upon sufficient consideration (*Bradbury* v. *Davenport, supra; Phelan* v. *DeMartin,* 85 Cal. 365 [24 Pac. 725]). ▮ It may also be conceded that the mortgagee is not the owner of the mortgaged premises and has no title to be clouded by a sale of the mortgagor's interest therein under execution, but these concessions do not determine the question before us. At the same time it must be admitted that circumstances frequently arise which will estop the vendor to rely upon the defense that the conveyance made by him was not in writing as required by the statute of frauds. (Civ. Code, sec. 1624, subd. 5.) This is recognized in the case of *Bradbury* v. *Davenport, supra.* It is also recognized in numerous other cases in this state, a few of which are as follows: *Brown* v. *Town of Sebastopol,* 153 Cal. 704 [19 L. R. A. (N. S.) 178, 96 Pac. 363] ; *Pearsall* v. *Henry,* 153 Cal. 314 [95 Pac. 154, 159] ; *Schubert* v. *Lowe,* 193 Cal. 291 [223 Pac. 550] ; *Kinsell* v. *Thomas,* 18 Cal. App. 683 [124 Pac. 220] ; *Rundell* v. *McDonald,* 62 Cal. App. 721, 724 [217 Pac. 1082].

▮ The possession of the property by the respondent under the oral transfer was more than technical and such cases as *Hambey* v. *Wise,* 181 Cal. 286 [184 Pac. 9], and *Wood* v. *Anderson,* 199 Cal. 440 [249 Pac. 862], are not controlling. Moreover, the claim of estoppel to rely upon the statute of frauds does not rest upon the question of possession alone. The question of consideration for the oral transfer is met by the fact that respondent canceled the indebtedness of Squier to him and also protected him from liability upon the further payments under said contract of sale and purchase, and moreover respondent prejudiced himself by numerous payments to the vendor upon the strength of said oral agreement. ▮ The conveyance made by Squier to respondent, although intended as security, impressed a lien upon everything that would have passed by a grant of the property (Civ. Code, sec. 2926; *Commercial Bank* v. *Pritchard,* 126 Cal. 600, 605 [59 Pac. 130]). Sufficient facts therefore appear to estop said Squier from asserting any title to said property, equitable or otherwise, as against the claim of respondent. The respondent

could compel a specific performance of the contract under this showing or could in fact quiet his title against Squier.

It is, of course, elementary that appellant can reach no interest in said property that the judgment debtor himself could not reach by appropriate action (sec. 688, Code Civ. Proc.; *Bank of Ukiah* v. *Petaluma Sav. Bank,* 100 Cal. 590 [35 Pac. 170]; *Rowley* v. *Davis,* 34 Cal. App. 184, 192 [167 Pac. 162]). Neither the judgment nor the attachment which was sued out in this action impressed any lien upon the interest, if any he had, of the judgment debtor (*Belieu* v. *Power,* 54 Cal. App. 244 [201 Pac. 620]; *Poindexter* v. *Los Angeles Stone Co.,* 60 Cal. App. 686 [214 Pac. 241]).

The contention of appellant that the evidence shows that the mortgage debt was not canceled by respondent creates no more than a conflict at most in the evidence for it appears that no promissory note was issued and the conveyance, being in form unconditional, an oral agreement that it be considered absolute in lieu of the debt is an extinguishment thereof. Hence the finding of the court in this respect has support in the record.

Inasmuch as the findings made have proper support in the evidence, appellant shows no legal ground upon which to base a complaint against the judgment of the lower court. Judgment affirmed.

Curtis, J., and Seawell, J., concurred.