[Civ. No. 266. Fourth Appellate District.—August 8, 1930.]

L. PFEIFFER et al., Respondents, v. A. T. HESSE et al., Appellants.

[Civ. No. 267. Fourth Appellate District.—August 8, 1930.]

L. PFEIFFER et al., Respondents, v. A. T. HESSE et al., Appellants.

Dan V. Noland, Hare & Walden and A. G. Reilly for Appellants.

Utley & Nuffer and R. L. Horton for Respondents.

BARNARD, J.—While two separate appeals have been filed in this action, one from an interlocutory judgment and the other from a final judgment, both appeals depend upon the same state of facts, and by stipulation both appeals have been consolidated.

On March 26, 1926, the defendants were indebted to the Hammond Lumber Company, one of the plaintiffs herein. At that time, the defendants were exchanging certain real property owned by them in Los Angeles County for certain real and personal property situated in Imperial County. By agreement between the parties, the defendants caused the real and personal property in Imperial County which they were getting in this exchange, to be conveyed by deed and bill of sale, to the plaintiff L. Pfeiffer, to be held as security for the indebtedness owed by them to plaintiff Hammond Lumber Company, and said company released certain liens it had held on the Los Angeles property being traded by defendants. At the same time, all of the parties hereto signed a written contract which provided that the property in question should be conveyed to said Pfeiffer in trust, to be held as security for the payment of $40,002.17 by the defendants to the Hammond Lumber Company. This contract provided that the Hammond Lumber Company should have the right to cause said property to be sold at any time and the proceeds thereof applied upon this indebtedness, it being provided that during the first six months the defendants had the right to fix the minimum price for which the property might be sold, but that there-

after the Hammond Lumber Company should have the right to have the property sold for any price, as a unit or in parcels. All of these instruments were a part of the same transaction, one of the purposes of which was to convey the property to Pfeiffer to be held in trust to secure the payment of defendants' indebtedness to the Hammond Lumber Company. The defendants having later refused to pay any part of the indebtedness, or to allow the trustee named in the contract to occupy the property, as provided in said contract, and having denied the right of plaintiffs to sell the property in accordance with the terms of the agreement, this action was begun on November 24, 1926. The complaint after alleging the execution of the instruments referred to and the other facts above set forth, prayed that a receiver be appointed, for an accounting, and that the court determine the nature of the contract. It was further asked that said contract be decreed to be a trust deed with a power of sale, and in the event the court should hold the contract did not create a valid trust deed, with power of sale, the complaint asked that the court order the property foreclosed upon and sold under foreclosure proceedings. An answer was filed and, pending the trial, a receiver was appointed. At the trial, at the end of plaintiffs' case, the defendants presented a motion for a nonsuit, which was denied. Thereupon, defendant rested without offering any evidence.

Among other things, the court found that the sum of $40,002.17, with interest, was due the Hammond Lumber Company; that the contract in question provided that the Hammond Lumber Company should have full power and control over the trustee in the use, occupation and control of the real property in question; that it further provided that after six months the Hammond Lumber Company should have the right to have the property sold at any price it desired, either as a unit or in parcels, with the right to direct the trustee to sell the property and apply the proceeds upon its debt; that at the time of the execution of the deed and bill of sale the defendants executed an additional contract for the purpose of giving the Hammond Lumber Company a lien upon the property to secure the payment of said sum of $40,002.17, with interest, and that the said Hammond Lumber Company has by virtue thereof a lien

upon the real and personal property in question. The conclusions of law followed the findings and ordered that the real and personal property be sold in the manner provided for the sale of such property under execution, and that the proceeds of sale be applied as provided by law, after which the following appears:

"That the defendants herein are entitled to the right to redeem said real property at any time within one year after the sale of said property under execution and the issuance of the certificate of sale thereon."

An interlocutory judgment was entered in accordance with the findings and conclusions of law, and, after the report of the receiver had been received and approved, a final judgment was entered to the same effect, providing that the property to be sold in the same manner, and providing that the defendants are entitled to redeem said real property at any time within one year after the sale. From these judgments the defendants have appealed.

Upon this appeal no reasons are set forth why the contract and deed involved in this action do not constitute a valid deed of trust, with a power of sale, to secure the payment of the indebtedness referred to, and upon the record before us, we are not called upon to pass upon such a question. The trial court has, in effect, held that the instruments in question constituted an equitable mortgage. Appellants in their brief accept that version and agree that the deed and contract, taken together, do constitute a mortgage, and neither side is objecting to that interpretation. The only point raised by appellants is that the contract which was signed by all of the parties hereto, is void, as being an attempt to deprive the appellants of their right of redemption of the real property conveyed to the trustee in accordance with the contract. They point to one paragraph of this contract, which they claim is void under section 2889 of the Civil Code, and insist that this paragraph being void, the entire contract is void, and that this prevents any recovery on the part of respondents. The paragraph so referred to reads as follows:

"That the said parties of the second part (the appellants) and the party of the third part (the Hammond Lumber Company) shall have the right to sell said property at any time, but the said party of the second part shall have the

right within six months from the close of the escrow to fix the minimum price for which said ranch property can be sold, and after six months period, then the said party of the third part shall have the right to sell said ranch property at any price or value it may desire to accept.''

It may be first observed that this paragraph does not certainly or clearly purport to deprive appellants of their right of redemption. There is no such statement therein, and it may be interpreted as a right to sell, subject to the right of redemption. All that it does is to give a power of sale, which may be done under the authorities (Civ. Code, sec. 2932; *Fogarty* v. *Sawyer,* 17 Cal. 589).

 In the second place, taking the contract alone, if the paragraph just referred to is void as an attempt to deprive appellants of their right of redemption, that portion is entirely severable from the rest of the contract. In the case of *Withers* v. *Bousfield,* 42 Cal. App. 304 [183 Pac. 855, 858], the court said:

''Assuming, however, but not deciding under the facts of this particular case, that the conveyance in trust is invalid, in so far as it purports to authorize the trustees to convey the property to the corporation, on fulfillment of the terms of the contract of sale, the invalidity should not be held to affect the valid provisions of the trust. The main and ultimate purpose of the trust created by these instruments was to convert the trust property by sale, so far as necessary, into money wherewith to discharge the indebtedness secured thereby. . . . We see no such inseparable scheme, that the said power to convey cannot be disregarded without affecting or interfering with the main purpose of the parties.'' (See, also, *Bradbury* v. *Davenport,* 114 Cal. 593 [55 Am. St. Rep. 92, 46 Pac. 1062].)

 In any event, the deed conveying the property to the trustee for the purpose of securing this debt, would constitute an equitable mortgage. (3 Pomeroy's Equity Jurisprudence, 3d ed., sec. 1235; *Title Ins. Co.* v. *California Development Co.,* 171 Cal. 173 [252 Pac. 542]; *Beal* v. *United Properties Co.,* 46 Cal. App. 287 [189 Pac. 346].) In *Beckwith* v. *Sheldon,* 168 Cal. 742 [Ann. Cas. 1916A, 963, 145 Pac. 97, 99], the court said:

''Under the well-established principle of equity that that which ought to have been done will be deemed to have been

done, it is held that where a party agrees to give a mortgage or lien on property, or imperfectly attempts to execute such mortgage or lien, upon a valuable consideration received, a court of equity upon a proper showing, will create a specific lien on the property intended to be hypothecated, and enforce the same.''

And in the case of *Withers* v. *Bousfield, supra,* the court uses the following language:

''If, as is urged, the resulting trust was invalid, as being for some purpose not authorized by section 857 of the Civil Code, defining the purposes for which express trusts in relation to real property may be created, and we are thereby compelled to hold it was not a valid deed of trust, the rights of the parties could be preserved by holding the instruments to constitute an equitable mortgage, with power of sale as part of the security and an incident or appurtenance of the mortgage lien. (*Foxon* v. *All Persons,* 166 Cal. 707, 716 [L. R. A. 1916B, 1209, 137 Pac. 919].) 'No policy of the law is violated by treating this instrument as creating a lien in the nature of a mortgage; if it cannot be upheld as a trust deed.' (*Earle* v. *Sunnyside Land Co.,* 150 Cal. 214, 228 [88 Pac. 920, 925].)''

These instruments sufficiently indicate that the intention of the parties was that the property should be held as security for the debt. It is admitted by the pleadings that the Hammond Lumber Company had released certain other securities for the purpose of permitting this arrangement, which was ample consideration. The appellants have admitted that they owe at least a part of the debt, that there was a necessity for accounting between the parties, and that the deed was given as security. In fact, appellants state on the last page of their brief that it is their contention that the only remedy respondents had, was to foreclose under the deed which was caused to be delivered to the trustee by the appellants, and not to seek to foreclose under the agreement. Even if that be true, the complaint sets out both the contract and the deed, and that deed, admittedly valid, is properly interpreted as an equitable mortgage and is alone sufficient to sustain the findings and judgment of the court in the respect complained of. The court has ordered foreclosure of this equitable mortgage, with full right of redemption reserved to appellants, and every consideration of equity being

in favor of such action, appellants have no legitimate grounds for complaint.

Each of the judgments is affirmed.

Cary, P. J., and Ames, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 2, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.