Hearing in Bank denied.

[No. 15022.    Department Two.—December 28, 1893.]

## BANK OF UKIAH, RESPONDENT, *v.* PETALUMA SAVINGS BANK ET AL., APPELLANTS.

UNRECORDED MORTGAGE—PRIORITY OF LIEN OVER ATTACHMENT AND JUDGMENT.—The lien of an unrecorded mortgage given to secure a loan is created by the mere execution and delivery of the mortgage, and takes precedence over an attachment or judgment lien obtained after its execution.

ID.—ATTACHING CREDITOR NOT A BONA FIDE PURCHASER.—An attaching creditor is not a *bona fide* purchaser within the meaning of section 1214 of the Civil Code, which provides that an unrecorded mortgage is void only as against subsequent purchasers or mortgagees, for value and in good faith, and such creditor takes only what interest the debtor has at the date of the attachment.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion.

*Haskell & Meyer*, for Appellants.

*J. A. Cooper*, for Respondent.

TEMPLE, C.—Appeal from the judgment. A simple question of law is presented by this appeal. The learned judge of the trial court, in an opinion which respondent has printed in his brief, presents that question thus: "Will the lien of an unrecorded mortgage, given to secure a loan, take precedence over an attachment or judgment lien obtained after the execution of the mortgage? There is no law in this state which requires conveyances to be recorded. Section 1217 of the Civil Code provides that 'an unrecorded instrument is

valid as between the parties thereto and those who have notice thereof.' This section implies that a mortgage, though unrecorded, is a lien upon the real estate mentioned therein, and our supreme court has said that the mortgage lien attaches when the instrument is executed though recorded afterwards. (*Root* v. *Bryant,* 57 Cal. 48; *Walker* v. *Buffandeau,* 63 Cal. 312.)"

The mortgage covered property situate in Sonoma county and also property in Trinity county. It was recorded in Sonoma, but not in Trinity. Shortly after it was executed, appellant brought suit against the mortgagors and caused an attachment to be levied on the land in Trinity county.

Subsequently a judgment having been obtained, a transcript of the original docket was filed with the recorder of Trinity county as provided in section 674 of the Code of Civil Procedure. The judgment was rendered July 3, 1890, and this suit was commenced to foreclose plaintiff's mortgage May 14, 1891, which was after the levy of the attachment and the filing of the judgment docket. The trial court held that the lien of the judgment was subject to the lien of the mortgage, and defendant appeals.

The lien being created by the mere execution and delivery of the mortgage, the next question is whether the lien is lost as to a judgment or attaching creditor because the mortgage is not recorded. It is enough to say that the statute does not so provide. The mortgage unrecorded is only declared void as against subsequent purchasers or mortgagees, for value and in good faith. (Civ. Code, sec. 1214.)

An attaching creditor takes only whatever interest the debtor has. "An attachment and the levy of an execution or a judgment lien are not much different, and an attachment creditor cannot be considered as a *bona fide* purchaser. The creditor is entitled to the same rights as the debtor had, and to no more." (Pingrey on Mortgages, sec. 665. See also *Foorman* v. *Wallace,* 75 Cal. 553.)

I find some cases from other states, which at first view seem to sustain the position of appellants. So far as I have examined such cases they all depend upon some statutory provision which is wanting here. In some states an unrecorded instrument is made void as to creditors under certain circumstances.

I think the judgment should be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., De Haven, J., Fitzgerald, J.