[Civ. No. 844.   First Appellate District.—October 19, 1910.]

# H. M. WOLFE, Respondent, v. ARTHUR B. LANGFORD and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellants.

ACTION TO ENJOIN EXECUTION SALE—REMOVAL OF CLOUD—SUFFICIENCY OF COMPLAINT—IMPROPER DERAIGNMENT OF TITLE—FACTS SHOWING PRESCRIPTIVE TITLE.—The complaint in an action to enjoin a sale under an execution upon a judgment against a third party, as a cloud upon plaintiff's title, though it improperly purports to deraign title under a deed from such third party executed prior to the judgment, for want of an averment of title in him at the date of such deed, but which alleges facts showing a prescriptive title in himself, which entitles him to enjoin the sale, states a cause of action, and a demurrer thereto was properly overruled.

ID.—PAPER TITLE NOT ESSENTIAL—ACTUAL POSSESSION UNDER CLAIM OF OWNERSHIP SUFFICIENT.—The plaintiff in an action, the effect of which is to remove a cloud upon title, is not required to show a paper title in himself, but an actual possession under a claim of ownership is a sufficient showing of title as against one who establishes no title or right in himself.

ID.—INEFFECTIVE JUDGMENT LIEN—PRIOR POSSESSION UNDER UNRECORDED DEED.—Where, prior to the obtaining of any judgment against the owner of property, such owner had conveyed the premises to a third party for a valuable consideration, who, without recording his deed, went into possession thereunder, and the judgment against the former owner was not docketed until two years after such deed and possession so taken under it, the judgment never became a lien upon the property so conveyed.

ID.—CONSTRUCTION OF CODE—EFFECT OF UNRECORDED DEED UPON PARTIES—ATTACHMENT OR JUDGMENT NOT AN "INSTRUMENT."—One who conveys property by an unrecorded deed conveys title which is good against the grantor and everyone claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by "an instrument first duly recorded," who is protected under section 1107 of the Civil Code. But neither an attachment nor a judgment is "an instrument" within the meaning of that section; and an unrecorded deed takes precedence over a subsequent attachment or judgment against the grantor.

ID.—JUDGMENT LIEN—EFFECT UPON TITLE.—A judgment only becomes a lien upon the real property owned by the judgment debtor at the time of the docketing of the judgment, or afterward and before expiration of the lien acquired.

Id.—Title not Acquired by Subsequent Release of Mortgage.— Where it appears that the former owner had conveyed the premises and did not own them when the judgment was docketed, a previous mortgage by him prior to such conveyance never conveyed the title, and he acquired no subsequent title which could be subject to the lien, by a mere release of the mortgage to him after the docketing of the judgment.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and R. C. McComish, for Appellants.

William A. Bowden, for Respondent.

HALL, J.—Plaintiff brought this action to obtain a decree, enjoining defendants from enforcing a writ of execution against a certain piece of real estate alleged to belong to plaintiff. Defendant, Fidelity and Deposit Company of Maryland, besides answering the complaint, filed a cross-complaint for a decree establishing that a certain judgment obtained by it against one George T. Dunlap is a valid lien against the said property.

Plaintiff obtained judgment as prayed for, and the court denied any relief to defendants, who have appealed from the judgment and order denying their motion for a new trial.

Appellants insist that their general demurrer to plaintiff's complaint should have been sustained. It is insisted that although plaintiff alleges ownership in fee of the land from which it is sought to remove a cloud, yet as the complaint shows the specific facts showing the chain of plaintiff's title, the general allegation of ownership must be considered only as a conclusion of law, and the specific facts alleged must be looked to only. In this connection it is claimed that plaintiff, by the allegation of his complaint, deraigns title from George T. Dunlap, but does not allege any title in said Dunlap. But if we concede everything claimed by appellants as to want of title in Dunlap the complaint otherwise states facts to show a good title in plaintiff. Besides stating a chain of

title from Dunlap, plaintiff also pleads facts that make a good title in him by prescription.

The demurrer was properly overruled.

The defendant, the Fidelity and Deposit Company of Maryland, obtained a money judgment against George T. Dunlap, which was duly docketed on the third day of June, 1903. It is by virtue of this judgment that said defendant claims a lien against the land described in the complaint, and it is the cloud caused by the levy of execution under such judgment that plaintiff seeks to have removed.

In regard to the title of plaintiff the court found that on the third day of June, 1905, said plaintiff entered into the exclusive possession of the said premises in said complaint described and of all thereof, and from said date up to the present time has continuously held and yet holds the open, notorious, continuous, uninterrupted and exclusive possession of the said premises and of all thereof, claiming the same and all thereof in good faith and in his own right, and exclusive and adverse to the said defendant and to all the world. This finding is supported by the evidence, and is the only finding as to the title of plaintiff. According to the findings of the court plaintiff did not connect himself with any paper title at all. He simply had actual possession under claim of ownership. But such is a sufficient showing of title in a plaintiff as against one who establishes no title or right in himself. (*Morris* v. *Clarkin*, 156 Cal. 16, [103 Pac. 180].)

As before stated, the only claim defendant asserts against the premises is by virtue of a judgment obtained and docketed against George T. Dunlap, June 3, 1903. The court, however, found that defendant had no such lien.

The property in question was conveyed to Dunlap by one Godfrey, May 15, 1897, and the deed duly recorded. On December 31, 1898, Dunlap, by deed of grant, bargain and sale in terms conveyed to one Friant, who in turn by a similar deed, dated February 14, 1899, conveyed to the Bank of Gilroy, which in turn, on April 6, 1903, conveyed to Dunlap. The deed from Dunlap to Friant and the deed from Friant to the Bank of Gilroy were given as security for money loaned to Dunlap, and the deed from the bank to Dunlap was the result of the payment of such loans by Dunlap. These deeds were all duly recorded, but as the deeds from Dunlap to

Friant and from Friant to the bank were in fact mortgages no legal title passed thereby. Likewise the deed from the bank to Dunlap, though in form a conveyance, in fact operated simply as a release of the mortgage. It conveyed no title to Dunlap.

On October 15, 1901, Dunlap, for a valuable consideration, conveyed the premises to one House, who went into possession under the deed, but the deed was never recorded. Defendant's judgment against Dunlap was docketed June 3, 1903, over two years after Dunlap had conveyed to House by the unrecorded deed. At the time of the docketing of the judgment Dunlap did not own the property in question. He had conveyed it by a grant perfectly good as against the grantor and everyone subsequently claiming under him except a purchaser or encumbrancer who, in good faith and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded. (Civ. Code, sec. 1107.) Neither an attachment nor a judgment is an instrument within the meaning of the section, and an unrecorded deed takes precedence over an attachment or judgment. (*Hoag* v. *Howard,* 55 Cal. 564; *Bank of Ukiah* v. *Petaluma S. B.,* 100 Cal. 590, [35 Pac. 170].)

The judgment only becomes a lien upon the real property of the judgment debtor owned by him at the time of the docketing of the judgment, or afterward and before expiration of the lien acquired. (Code Civ. Proc., sec. 671.)

Dunlap did not own the premises in question when the judgment was docketed, for he had previously conveyed them to House. Neither did he afterward acquire title by the deed from the Bank of Gilroy, for this deed was but a release of a mortgage and conveyed no title. The court thus correctly found that the defendant, Fidelity and Deposit Company of Maryland, had no lien or claim upon the property described in the complaint.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.