[Civ. No. 4916. Fourth Dist. Feb. 18, 1955.]

WADE LIVINGSTON, Respondent, v. LEO RICE et al., Defendants; V. SECHINI, Appellant.

Severson, McCallum & Davis and Nathan R. Berke for Appellant.

T. R. Claflin for Respondent.

MUSSELL, J.—This is an action to foreclose a second deed of trust on residential property in the city of Bakersfield. There is no dispute as to the material facts.

On February 14, 1947, defendant Rice and his wife executed a promissory note payable to plaintiff in the sum of $4,000 for money loaned to Rice. The note was secured by a deed of trust of the same date and both instruments were then delivered to the plaintiff. The note was not paid when due and plaintiff took it with the deed of trust to an attorney to commence foreclosure proceedings. The deed had not been recorded or acknowledged and plaintiff secured the acknowledgment of Rice and his wife on January 19, 1951, and on the same day recorded the deed of trust. On December 4, 1951, this action to foreclose was filed and defendant V. Sechini filed an answer in which she claimed an interest in the property described in the deed of trust by reason of a judgment which she had secured against Rice and his wife on April 4, 1950, which was for the sum of $6,345.89, plus interest and costs. She further alleged and it is not disputed that on April 14, 1950, she recorded an abstract of this judgment in the office of the county recorder of Kern County. There is no dispute as to the amount still unpaid and owing to plaintiff on his note and to defendant Sechini on her judgment.

The trial court found that the note to plaintiff and the deed of trust were executed February 14, 1947, and was acknowledged and certified so as to entitle it to be recorded on January 19, 1951, and was recorded on that date; that the sum of $3,964.06, with interest, costs and attorney's fees was due plaintiff thereon. The court further found that the defendant V. Sechini claims to have some interest or claim upon the premises described in the complaint as judgment creditor, which interest or claim is subsequent to the lien of the deed of trust of plaintiff referred to in said complaint. A decree of foreclosure and order of sale was rendered. A commissioner was ordered appointed and she was directed to pay any surplus money, after applying the proceeds of sale to plaintiff's indebtedness, into court "to abide the further order of the court."

The principal contention of appellant is that the abstract of judgment is a lien upon the property involved and having been recorded prior in time to the deed of trust, is superior to the claim of plaintiff. This contention is without merit. In *Bank of Ukiah* v. *Petaluma Sav. Bank*, 100 Cal.

590, 591 [35 P. 170], it is held that the lien of a mortgage given to secure a loan is created by the execution and delivery of the mortgage and takes precedence over an attachment or judgment lien obtained after its execution. This case has been cited with approval in *Wolfe* v. *Langford,* 14 Cal.App. 359, 362 [112 P. 203]; *Rowley* v. *Davis,* 34 Cal. App. 184, 192 [167 P. 162]; *Commercial Nat. Bank* v. *Roberts,* 49 Cal.App. 764, 769 [194 P. 751]; *Reidy* v. *Collins,* 134 Cal. App. 713, 720 [26 P.2d 712]; *Christopher* v. *City of Los Angeles,* 13 Cal.App.2d 118, 129 [56 P.2d 539]. See also 18 Cal.Jur., § 433, p. 130. In *Boye* v. *Boerner,* 38 Cal.App.2d 567 [107 P.2d 757], plaintiff was given judgment in a quiet title action and the question at issue was whether the rights acquired by respondent through the medium of a sheriff's deed, issued after sale under execution, in an attachment proceeding, brought against the owner of the lot involved, took precedence over appellant's unrecorded trust deed given by said owner several months prior to the levy of the writ of attachment. The court there held that the lien of an unrecorded mortgage given to secure a loan is created by the mere execution and delivery of the mortgage, and takes precedence over a subsequent attachment lien; that in such case the attaching creditor is not deemed to be a bona fide purchaser for value within the meaning of section 1214 of the Civil Code, and that he takes only what interest the debtor has at the time of the attachment, and is entitled to nothing more; that the well settled rule is that there must be an interest to which a creditor's lien can attach; that such lien does not attach to a mere naked title, but only to the debtor's interest in the property at the time of the levy, and that if at that time all title and interest has passed from him to a third person, the creditor gets nothing; that an attachment lien is not "an instrument first duly recorded" within the meaning of section 1107 of the Civil Code; hence that under the provisions of that code section an unrecorded deed takes precedence over a subsequent attachment lien; and that "with respect to the legal effect of a deed of trust it has been definitely determined that where as here it is executed for the purpose of securing a debt, it conveys title so far as may be necessary to the execution of the trust." Citing *Wasco Creamery & Const. Co.* v. *Coffee,* 117 Cal.App. 298 [3 P.2d 588].

In the instant case appellant by recording the abstract of judgment could only reach such interest as Rice and his

wife had in the property and that interest was subject to the lien of the trust deed. (*Graves* v. *Arizona Central Bank*, 205 Cal. 715, 719 [272 P. 1063].)

Appellant's next contention is that the court erred in failing to make any finding with respect to the exact nature and extent of the lien of the defendant Sechini. A finding in this respect was unnecessary in the determination of plaintiff's rights in the foreclosure proceedings under the issues presented by the pleadings.

Section 727 of the Code of Civil Procedure provides as follows:

"*Surplus money to be deposited in court.* If there be surplus money remaining, after payment of the amount due on the mortgage, lien, or encumbrance, with costs, the court may cause the same to be paid to the person entitled to it, and in the meantime may direct it to be deposited in court.''

In *Rowley* v. *Davis*, 169 Cal. 678, 681 [147 P. 958], it was held that it is within the sound discretion of the trial court in a foreclosure suit to give the plaintiff judgment for the relief asked and postpone the determination of conflicting claims between the defendants in which the plaintiff is not interested and which do not affect the relief which he asks. Citing *Stockton etc. Soc.* v. *Harold*, 127 Cal. 612, 620 [60 P. 165], and cases from other jurisdictions.

In *Withington* v. *Shay*, 47 Cal.App.2d 68, 73 [117 P.2d 415, 119 P.2d 1], in an action to foreclose a mechanic's lien, where the trial court in its judgment made no provision for the disposition of the surplus proceeds of sale, this court held:

"After issue joined in the foreclosure proceeding, the court should have determined the matters between the parties to the action and provided for a disposition of the surplus proceeds of sale, if any there be, in accordance with the rights of the respective parties. The decree containing no provision for disposition of the surplus, should have been modified to make provision therefor.

"It is a general rule of law that a court may order the surplus remaining after satisfying a plaintiff's debt and costs, to be paid into court to be distributed to the respective parties in interest as their interests may subsequently be made to appear and as the court may subsequently determine. (Code Civ. Proc., § 727; *Hibernia Savings etc. Society* v. *Fella,* 54 Cal. 598; *Union Water Co.* v. *Murphy's Flat Fluming Co.,* 22 Cal. 620; 18 Cal.Jur. 638, § 843.)''

In the instant case the trial court determined the issue between the parties to the foreclosure action and directed the surplus proceeds of the sale, if any, to be paid into court "to abide the further order of the court." The defendant Sechini filed no cross-complaint in the present action and in her answer set forth her interest in the property as a judgment creditor. Rice and certain other defendants did not answer the complaint and their defaults were duly entered but it does not appear that the interests of such defendants, if any, in the surplus funds were put in issue by the pleadings and the trial court, under the circumstances presented by the record, was not in error in directing that the surplus funds be paid into court to abide its order.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.