[Civ. No. 23128. First Dist., Div. Two. Sept. 20, 1966.]

DANIEL F. DEL CARLO, Plaintiff and Appellant, v. COUNTY OF SONOMA, Defendant and Respondent.

Watson A. Garoni for Plaintiff and Appellant.

Richard M. Ramsey, County Counsel, and Richard E. Dafler, Deputy County Counsel, for Defendant and Respondent.

TAYLOR, J.—Plaintiff appeals from a judgment in favor of the County of Sonoma (hereafter County) denying relief in his action to quiet title and decreeing that the County had a valid lien for hospital services rendered to his former wife, Amelia. Plaintiff argues that the trial court erred in concluding that: 1) the County's recorded lien was valid and had priority over his prior unrecorded deed; and 2) his written promise to pay the County was enforceable as it was not made under duress.

The appeal is on an agreed statement that sets forth the following facts: After plaintiff's former wife filed a divorce action against him, he voluntarily purchased the real property in question in Santa Rosa and deeded it to her for herself and their three sons. When the final decree was entered on January 5, 1949, there was no community property to be distributed.

On May 4, 1956, Amelia reconveyed the Santa Rosa property to plaintiff by a grant deed that was not recorded until July 26, 1957. Amelia became ill and was treated at the county hospital for various periods of time between January 7, 1956, and February 25, 1958. On May 23, 1957, pursuant to former sections 203.5[1] and 2601 of the Welfare and Institutions Code,[2] Amelia executed a lien on the Santa

---

[1]Now section 1473 of the Health and Safety Code and section 17109 of the Welfare and Institutions Code.

[2]The statute provides, in part, that ''As a condition to the grant or continuation of aid to an indigent, the board of supervisors may require, as security for the moneys so expended, that the applicant transfer or grant to it such property or interest in property as the applicant has, or such portion thereof or estate therein or lien thereon as the board specifies.''

Rosa property as security for the payment of her account in favor of the County. This lien was recorded on May 24, 1957. Amelia died in June 1958, leaving an unpaid balance of $625.45 on her hospital account. At the time of the execution and recording of Amelia's lien to the County for the hospital services rendered and to be rendered to her, the County had no knowledge of the unrecorded deed to plaintiff.

Between October 1, 1962, and April 29, 1963, plaintiff and his attorney corresponded with the County about Amelia's hospital account and the lien. Plaintiff, after conferring with his attorney, met with the County Hospital Committee and orally agreed to pay Amelia's account. On April 8, 1964, plaintiff sent the County a payment of $50 and wrote a letter indicating that he would pay the balance in 18 months, or sooner.

Plaintiff first argues that the County's lien, although recorded first, has no validity against his prior deed as the County was not a bona fide purchaser, and the lien is not a conveyance or mortgage under sections 1213, 1214 and 1215 of the Civil Code. The question is one of first impression.

A lien is defined as a charge imposed in some mode other than by a transfer in trust upon specific property by which said property is made security for the performance of an act (Civ. Code, § 2872) and may be created by contract or operation of law (Civ. Code, § 2881).

The pertinent provisions of the Civil Code are: Section 1107: ''Every grant of an estate in real property is conclusive against the grantor, also against everyone subsequently claiming under him, except a purchaser or encumbrancer who in good faith and *for a valuable consideration* acquires a title or lien by an instrument that is first duly recorded.'' (Italics supplied.)

Section 1214: ''Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.''

Section 1215: ''The term 'conveyance,' as used in sections twelve hundred and thirteen and twelve hundred and fourteen, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mort-

gaged, or encumbered, or by which the title to any real property may be affected, except wills.''

 The County's lien clearly comes within the definition of a conveyance under the terms of section 1215. It was created by an instrument in writing, granting the County a security interest in a specific piece of real property in consideration for services rendered or to be rendered to the record owner. Plaintiff stipulated that the County had no notice of his unrecorded deed at the time its lien was recorded. Thus, the County was a bona fide encumbrancer or mortgagee without notice under the terms of sections 1107 and 1214 and the lien has priority over plaintiff's unrecorded deed.

Plaintiff's reliance on *Livingston* v. *Rice*, 131 Cal.App.2d 1 [280 P.2d 52], *Boye* v. *Boerner*, 38 Cal.App.2d 567 [101 P.2d 757], and other similar cases, is inappropriate. Those cases did not concern the creation of a security interest in a specified piece of real property by *an instrument in writing*.[3] Rather, they dealt with judgment and attachment liens created by *operation of law* and the court properly held that the creditors were not bona fide purchasers or encumbrancers for value and could not prevail over prior unrecorded deeds of trust.

 Plaintiff's argument that the County's lien is not a mortgage under section 1214 is untenable. Section 2924 of the Civil Code provides, so far as pertinent: ''Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge.'' In *Schelling* v. *Thomas*, 96 Cal.App. 682, the court said at page 687 [274 P. 755] : '' 'Every express agreement in writing, whereby the party clearly indicates an intention to make some particular property therein described a security for a debt, creates an equitable lien upon the property, which is enforceable. The form of the writing is not important, provided it sufficiently appears that it was thereby intended to create a security. If that intention appears, it will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged.' '' The instrument whereby the County here acquired its lien falls squarely within the above language.

---

[3]It has been held in *Byrne* v. *Baker*, 221 Cal.App.2d 1 [34 Cal.Rptr. 178], that even a judgment creditor who purchases at his own execution sale and first records the *certificate of sale* is protected by the provisions of sections 1107 and 1214 and his rights are superior to a prior unrecorded deed.

40

Plaintiff's second contention on appeal is that his promise to pay the County was unenforceable as it was made under duress. This contention is entirely without merit as the evidence fully supports the trial court's findings that the promise was made voluntarily after consultation with an attorney. Since the hospital services were not rendered to Amelia until long after the divorce, plaintiff was not personally liable for them. After consulting an attorney, he voluntarily agreed to pay Amelia's debt for the County's forbearance in enforcing its lien. Plaintiff's letter of April 8, 1964, constituted a sufficient memorandum to satisfy the statute of frauds (Code Civ. Proc., § 1973, subd. 2) with reference to a promise to pay the debt of another. Finally, it is well settled that it is not legal duress to threaten to or actually take advantage of the usual remedy by suit for enforcement of a debt or obligation (*C.I.T. Corporation* v. *Hawley*, 34 Cal.App.2d 66 [93 P.2d 216]).

We conclude that the lien of the County having been recorded prior to plaintiff's deed takes precedence and that plaintiff, therefore, acquired his title subject to the lien.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.