[Civ. No. 24065. Fourth Dist., Div. One. Dec. 16, 1981.]

20th CENTURY PLUMBING CO., INC., Plaintiff, Cross-defendant and Respondent, v.
MICHAEL SFREGOLA, Defendant, Cross-complainant and Appellant.

COUNSEL

Hickey, Neuland, Pardes & Colletta and Fred S. Pardes for Defendant, Cross-complainant and Appellant.

W. W. Morningstar for Plaintiff, Cross-defendant and Respondent.

OPINION

LEVITT, J.*—This case involves which of two parties' claim to real property has priority. 20th Century Plumbing Co., Inc., obtained and recorded a judgment against the owner on June 24, 1975. Michael Sfregola on December 18, 1975, recorded a deed of trust by the owner in

---

*Assigned by the Chairperson of the Judicial Council.

his favor, dated January 15, 1975. 20th Century levied on the property and it was sold at a sheriff's sale on July 7, 1977, the sheriff's deed being recorded on August 16, 1978. Sfregola purchased the property at a foreclosure sale on September 18, 1978. 20th Century brought a quiet title action and Sfregola cross-complained for quiet title, injunction and slander of title. The trial court quieted title in favor of 20th Century and awarded money damages for wrongfully withholding possession of the property.

Sfregola raises 15 points on appeal. However, the main and decisive issue is whether his unrecorded deed of trust, dated January 15, 1975, has priority over 20th Century's judgment, recorded June 24, 1975.

■ Before reaching that issue, it is necessary to dispose of the contention raised by 20th Century there was no evidence introduced as to date of delivery of Sfregola's deed of trust, and hence it could only be effective as of its recordation date of December 18, 1975. Civil Code section 1055 provides: "A grant deed duly executed is presumed to have been delivered at its date." This presumption pertains only to the date, not to the fact of delivery (*Blackburn* v. *Drake* (1963) 211 Cal.App.2d 806, 812 [27 Cal.Rptr. 651]). However, possession of a deed by the grantee named therein is prima facie evidence of its delivery and hence gives rise to an inference the instrument was duly delivered (*Ward* v. *Dougherty* (1888) 75 Cal. 240, 242 [17 P. 193]; *Blackburn, supra,* at p. 812). Once these presumptions are established, the burden shifts to the party attacking the validity of the deed (*Belli* v. *Bonavia* (1959) 167 Cal.App.2d 275, 279-280 [334 P.2d 196]).

Sfregola's deed of trust shows it was acknowledged on January 15, 1975, and its recording, requested by Sfregola, inferentially showing his possession of it. Hence, the presumption is the deed was delivered on January 15, 1975. Evidence Code section 604 defines a presumption affecting the burden of producing evidence, while Evidence Code section 605 defines a presumption affecting the burden of proof. Under either, 20th Century had the burden to overcome the presumption of delivery on January 15, 1975, by the introduction of evidence, which it did not do.

■ Sfregola contends the trial court erroneously found 20th Century to be a bona fide purchaser when it purchased the property at its own execution sale.

There is a split of authority as to whether a judgment creditor, who purchases real property at his own execution sale by not giving cash but merely crediting the amount of the bid against the judgment, ascends to the status of a bona fide purchaser. Under appropriate circumstances, some courts have accorded the status of a bona fide purchaser. Other decisions have held the judgment creditor acquires only the interest the judgment debtor had in the property and does not attain that status (*City of Torrance* v. *Castner* (1975) 46 Cal.App.3d 76, 80-81 [120 Cal.Rptr. 23]). We believe the better reasoning supports the latter conclusion. The early case of *Bank of Ukiah* v. *Petaluma S. Bank* (1893) 100 Cal. 590 [35 P. 170] held the lien of an unrecorded mortgage is created by the mere execution and delivery of the mortgage, and takes precedence over an attachment or judgment lien obtained after its execution. *Wells Fargo Bank* v. *PAL Investments, Inc.* (1979) 96 Cal.App.3d 431 [157 Cal.Rptr. 818], determined an unrecorded mortgage prior in time takes precedence over an attachment or judgment lien since the judgment creditor is not a bona fide purchaser for value. The theory which is persuasive is there must be an interest to which a creditor's lien can attach; such lien does not attach to a mere naked title, but only to the debtor's interest in the property at the time of the levy (*Boye* v. *Boerner* (1940) 38 Cal.App.2d 567, 570 [101 P.2d 757]). This applies to the recordation of an abstract of judgment (*Livingston* v. *Rice* (1955) 131 Cal.App.2d 1, 2-3 [280 P.2d 52]).

When 20th Century recorded the sheriff's deed on August 16, 1978, it had constructive notice of Sfregola's deed of trust recorded December 18, 1975, and thus could not be a bona fide purchaser. 20th Century contends, however, the doctrine of "relation back" should overcome this infirmity, citing *Freelon* v. *Adrian* (1911) 161 Cal. 13, 18 [118 P. 220]. This doctrine provides when a sheriff's deed is executed, it is deemed and taken as though executed as of the date when the lien of which it is the sequence originated. Application of the doctrine would relate 20th Century's lien back to June 24, 1975, when it recorded its judgment and hence prior to Sfregola's recordation. The doctrine of relation back is only applied when the circumstances are appropriate to its application (*Blumenthal* v. *Liebman* (1952) 109 Cal.App.2d 374, 380 [240 P.2d 699]). Because of our determination 20th Century is not a bona fide purchaser, exclusive of knowledge of Sfregola's deed of trust by its recordation, it is unnecessary for us to determine if there is a basis for applying the doctrine of relation back to these facts. It is also unnecessary for us to consider the other issues raised by Sfregola.

We hold 20th Century's claim to the judgment debtor owner's title is inferior to Sfregola's deed of trust. The judgment is reversed and the trial court is instructed to quiet title in the name of Michael Sfregola.

Staniforth, Acting P. J., and Wiener, J., concurred.

A petition for a rehearing was denied January 4, 1982, and respondent's petition for a hearing by the Supreme Court was denied February 10, 1982.