## RITTER v. STEVENSON.

A mechanic's lien is in the nature of a mortgage;—is a charge upon the land, and can only be assigned in writing.

The lien will not pass except by the transfer of the account; and as the account carries with it the lien, which is an incumbrance on the land, or an estate, or interest therein, it must be in writing.

Where an account is verbally assigned to a creditor, with the understanding that, in case he collects it, he will credit his claim with a portion thereof, and return the balance to the assignor,—but if nothing is received, no sum is to be credited, the assignment is void, and the assignee cannot sue thereon in his own name.

The mere signing an assignment, without delivery, is insufficient.

APPEAL from the Superior Court of the City of San Francisco.

This was an action to recover for work and labor performed in erecting a house, and to foreclose a mechanic's lien on the same.

Ritter, the present plaintiff, claims, through an assignment, (or pretended assignment,) from Meetier, the mechanic, to whom the money was due.

The Court below gave judgment for plaintiff.   Defendant appealed.

*D. W. Perley and E. Cook* for Appellant.

*Jeremiah Clark* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The whole case must turn upon the validity of the assignment, and may be divided into two questions :

1. Whether a parol assignment of this claim was sufficient to

enable the plaintiff to maintain an action for the foreclosure of the lien.

2. If the plaintiff is, in fact, the assignee of Meetier.

Upon the first point, there seems to be no difficulty. Under our statute, every conveyance whereby real estate is aliened, mortgaged, assigned, charged, or affected, must be in writing.

A mechanic's lien is in the nature of a mortgage, and is a charge on the land.

In the former decisions of this Court, it has been held, that a mortgage is a mere incident to the debt, and will not pass, except by an assignment of the note, or debt. Applying this rule to the present case, the lien would not pass, except by a transfer of the account; and as the account carries with it the lien, which is an incumbrance upon the land, or an estate, or interest, it must be in writing.

On the trial of this case, in the Court below, the plaintiff introduced a written assignment of the account, executed on the third of July, and proved that it had been signed on that day. Suit was commenced on the same day, and there is no evidence that the assignment was ever delivered to the plaintiff. In fact, the plaintiff swears that the account was not assigned in writing, but verbally; that he took the same to secure an indebtedness due from Meetier to himself, with the understanding that a portion of the money recovered should be credited to his account, and the balance, after paying the expenses, should be paid to Meetier; that he did not employ an attorney to bring the suit; neither had he expended any money, nor did he intend to credit Meetier with any amount, unless the same was made out of the defendant.

From this state of the facts, it results:

1. That the written assignment was improperly admitted in evidence, because it was never delivered to the plaintiff. The mere act of signing the same, without a delivery, was insufficient.

2. That there never was, in point of fact, any assignment of the accounts, as shown by the evidence. Meetier was still the owner of the account, and simply employed the plaintiff's name to prosecute this suit. He was the real party in interest, as the testimony most abundantly shows. This case differs essentially from one where a person places notes, which pass by delivery or endorsement, in the hands of a third party, with instructions to sue, make his debt, and pay over the balance, for the holder in that event has the legal title. The facts before us do not make out an assignment, or a partial assignment, but simply an agreement to pay the plaintiff's debt out of a particular judgment, provided the plaintiff's name is used, and a recovery had.

Judgment reversed, and cause remanded.