[No. 7572. Department One. — December 23, 1885.]

WILLIAM H. CURNOW ET AL., RESPONDENTS, *v.* HAPPY VALLEY BLUE GRAVEL AND HYDRAU LIC COMPANY, APPELLANT.

LABORERS' LIENS — FORECLOSURE — JOINDER OF CAUSES OF ACTION — SEPARATE TRIALS — WAIVER. — The action was brought under section 1195 of the Code of Civil Procedure, for the foreclosure of two laborers' liens separately claimed by the plaintiffs. At the calling of the case for trial, the defendant demanded and the court refused a separate trial of the respective claims. The defendant thereupon withdrew his answer as to one of the plaintiffs, and proceeded with the trial as to the other. *Held,* that the error, if any, in refusing to allow separate trials was waived.

ID. — ACTION TO FORECLOSURE IS EQUITABLE — JURY TRIAL. — An action to foreclose a mechanic's or laborer's lien is equitable, and a party thereto is not entitled to a jury trial as a matter of right. In such a case, the granting or refusing a jury trial is within the discretion of the court.

ID. — PLEADING — EVASIVE DENIAL — IDENTITY OF PROPERTY. — The answer admitted the ownership by the defendant of the property against which the lien was claimed, and the employment of the plaintiff to perform labor thereon, and for answer to an allegation of the complaint "that the plaintiff performed work and labor on the property as a miner," it averred that "defendant is not sufficiently informed to admit that the plaintiff performed work and labor as a miner upon the property of the defendant, and therefore defendant denies said allegation." *Held,* that the denial was evasive, and raised no issue as to the identity of the property upon which the work was done.

ID. — DESCRIPTION OF PROPERTY. — The description of the property upon which the liens were claimed *held* to be sufficient for the purpose of identification.

ID. — DENIAL — LEGAL CONCLUSION. — A denial that the plaintiff has complied with the requirements of the provisions of chapter 2, title 4, part 3, of the Code of Civil Procedure, relating to mechanics' and laborers' liens, or that he is entitled to any lien on any property of the defendant, is a conclusion of law, and raises no issue.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. A. Berlin,* for Appellant.

*Wesley K. Boucher,* and *Severance & Travers,* for Respondents.

McKEE, J.—This is an appeal from a judgment of the Superior Court of Calaveras County, rendered in an action for the foreclosure of laborers' liens upon certain mining property, and from an order refusing to grant a new trial.

The motion for a new trial was made upon a bill of exceptions, which contained specifications of errors of fact and of law, upon which the moving party relied.

The alleged errors of law are: 1. That the court refused to allow the defendant a separate trial of the respective claims of the plaintiffs; and 2. That it refused to order a trial by jury.

1. The action was brought under section 1195, Code of Civil Procedure, which provides that any number of persons claiming liens against the same property may join in the same action. On the calling of the case for trial upon the issues framed by the complaint and answers, defendant demanded a jury trial, and a separate trial of each cause of action. The court denied the demand for a separate trial, and there being no jury in attendance,—the regular panel of jurors having been previously discharged,—denied the demand for a jury trial unless the defendant would make a deposit of money with the clerk sufficient to pay the clerk's and sheriff's fees for summoning a jury and the jury fees for twenty jurors, estimated to amount to sixty dollars in all. This the defendant would not do, and the court thereupon proceeded to try the case without a jury. But before the plaintiffs opened their case the defendant asked leave to withdraw its answer as to the plaintiff Sullivan, and that answer was, on defendant's motion, stricken out; and the case was tried on the issues joined by the plaintiff Curnow and defendant.

In the refusal to grant a separate trial there was no prejudicial error, even if it were conceded that the court had no power to consolidate the actions, because as the defendant after its demand for a separate trial withdrew

its answer to Sullivan's cause of action, it waived the trial in that case which was previously demanded and refused; and there only remained for trial the issues joined in Curnow's case.

Nor was there any prejudicial error in denying defendant's motion for a jury trial after its refusal to comply with the condition upon which the court was willing to order the issues in the case to be tried by a jury.

As the object of the action was foreclosure of laborers' liens upon real property as security for money due to persons performing manual labor on the same, the action was an equitable one. A mechanic's or laborer's lien is in the nature of a mortgage on the land (*Ritter* v. *Stevenson,* 7 Cal. 389), and an action for its foreclosure is a judicial proceeding in equity in which a party to the proceeding is not entitled as matter of right to a jury trial. The code rule, in such cases, is that "issues of fact must be tried by the court, subject to its power to order any such issues to be tried by a jury," etc. (Sec. 592, Code Civ. Proc.) Granting or refusing a demand for a jury trial in an equity case is therefore entirely within the discretion of the court. (*Societe Francaise* v. *Selheimer,* 57 Cal. 623.)

2. The only specification of errors of facts is, that the evidence was insufficient to justify the decision, and that the decision is against law, in "that there was no evidence to identify the real estate set out in the complaint, as property upon which the labor was performed."

But the defendant admitted its ownership of the property as described in the complaint; it also admitted employment of the plaintiffs by its superintendent, but denied that the superintendent continued in office all the time that the plaintiffs claimed to have performed manual labor on the property; and for answer to an allegation in the complaint, "that the plaintiff performed work and labor as a miner upon the (described) mining property of defendant," it averred as follows: "Defend-

ant is not sufficiently informed to admit that the plaintiff performed work and labor as a miner upon the property of defendant, and therefore defendant denies said allegation."

Admitting ownership of the property described in the complaint, and employment of the plaintiffs by its superintendent to perform manual labor upon it, it would be rash to presume that the defendant did not know that it was the property upon which the plaintiffs performed the work and labor for which they sued. Possessing such knowledge, the defendant was bound to state it in positive terms if it said anything about it at all (*San Francisco Gas Company* v. *San Francisco,* 9 Cal. 466; *Vassault* v. *Austin,* 32 Cal. 607); and its answer, that the plaintiff did not perform the work upon the property "as a miner," is merely equivocal and evasive, and raised no issue as to the identity of the property upon which the work was done.

The evidence was sufficient to justify the decision.

The motion for a new trial was properly denied.

Notwithstanding its withdrawal of the answer in the case of Sullivan, the defendant insists that the judgment entered in that case and the judgment and decision in the case of Curnow should be reversed, because the complaint in the action contains two separate causes of action which are not separately stated; because the complaint does not state facts sufficient to constitute a cause of action in favor of either of the plaintiffs; because the real estate upon which the liens are alleged to have been filed is not sufficiently described, and because the decision and judgment do not correspond with the pleadings.

The court found the ultimate facts of the plaintiffs' cause of action. That was sufficient; and on these facts the legal conclusion drawn by the court was correct.

The description of the mining property upon which the liens were created is as follows:—

"That certain mining property and real estate situated in Mokelumne Hill Mining District, in said county, in

sections 8, 18, and 17 of township 5 north, range 12 east, Mount Diablo base and meridian, and known as the Happy Valley Blue Gravel and Hydraulic Mining Claim, commencing in said section 7, in Happy Valley, at and including the placer mining claim formerly owned by Patrick Drumm, and running southerly down and along the gravel channel into said section 18, into the Sport Hill Diggings, to and including the placer mining claim formerly owned by Harry Percival, together with a, tunnel commenced in said section 17 by said defendant, on the Calaveras River side of the ridge east of said mining ground, and running westerly and towards the southern end of said mining ground, for the purpose of tapping the same and working the same through said tunnel as a hydraulic mining claim; and that said tunnel is a part of said defendant's said mining claim."

This description is sufficient for identification.

The two causes of action stated in the complaint are separately stated, and the statement of each is sufficient to constitute a cause of action. The allegations in such statement as to the making and filings of the liens sought to be foreclosed show that the liens attached to the property; and the only denial by the defendant related to the filing of the liens, in connection with a denial "that the said Curnow has otherwise or at all complied with the requirements of the provisions of chapter 2, title 4, part 3, of the Code of Civil Procedure of the state of California, relating to mechanics' and laborers' liens, or that said plaintiff Curnow is entitled to any lien on any property of defendant." This denial is but a conclusion of law.

The complaint was sufficient. (*Barber* v. *Reynolds*, 44 Cal. 519.)

There is no prejudicial error in the judgment roll. Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.