[Sac. No. 271. Department Two.—May 20, 1898.]

P. J. VAN LOBEN SELS, Respondent, v. C. BUNNELL et al., Defendants. GERMANIA BUILDING AND LOAN AS-SOCIATION, Appellant.

MORTGAGES—LIEN CREATED IN DEED—PUMPING OF OVERFLOWED LAND—CON-SIDERATION.—A lien created in a deed of overflowed land, situated within the boundaries of an irrigation district, to secure the payment by the grantee to the grantor of a stipulated sum annually per acre so long as the grantor should hold the title to pumping machinery used to reduce the water level, the payment to be refunded if pumping was unnecessary in any year, is valid, and imports a con-sideration, and the fact that there was no obligation to pump the water from the land conveyed is not material, there being an in-ducement to the vendor to do só if necessary to reduce the level, in order to demand and retain the stipulated price per acre.

ID.—PRIORITY OF VENDOR'S LIEN—MORTGAGE TO RAISE PURCHASE MONEY.—A lien created in favor of the vendor by the purchaser of real property, at the time it is conveyed, has priority over all other liens created against the purchaser, subject to the operation of the re-cording laws; and a lien created in the deed given to the purchaser, which is first recorded, will prevail over a mortgage subsequently recorded given by the purchaser to a third party, though the money raised thereon was applied upon the purchase money of the land, and even though it be considered a purchase money mortgage.

ID.—PROTECTION OF MORTGAGEE FOR PURCHASE MONEY—GENERAL MORT-GAGE—LIBERTY TO USE MONEY.—The rule of equity that the execution of a deed to the purchaser and of a mortgage by the purchaser to secure the purchase money are considered simultaneous acts, so that the title does not rest in the purchaser for a single moment for the acquisition of any subsequent lien, extends also to the protection of a third person who has furnished purchase money upon mortgage security, for the express purpose of paying for the property, but does not extend to the protection of such third party against any prior lien, where the money was not advanced for such sole and express purpose, notwithstanding the money was in fact applied upon the purchase of the property, if the purchaser had liberty to use the money for any other purpose, and the mortgage was for money advanced to the general use of the borrower.

ID.—FORECLOSURE OF LIEN AGAINST PURCHASER—COVENANT RUNNING WITH LAND—IMMATERIAL QUESTION.—Where the lien created in the deed was foreclosed by the vendor against the purchaser and a subsequent mortgagee, the question whether the covenant sued upon against the purchaser for which the lien was created as security for his performance thereof did or did not run with the land is immaterial, and can be of no consequence to the subsequent mortgagee.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.   Add C. Hickson, Judge.

Robert T. & William H. Devlin, for Appellant.

Johnson & Johnson, for Respondent.

HENSHAW, J.—Plaintiff brought this action to foreclose a lien upon the real property of defendant C. Bunnell.   The Germania Building and Loan Association was made a defendant.   It answered, setting up a mortgage upon the property executed to it by Bunnell, and asked that this mortgage be declared a lien prior and superior to that of plaintiff.

The court found defendant Bunnell to be indebted to plaintiff in the sum of seven hundred and fifty-seven dollars and fifty cents, gave plaintiff judgment for that amount, together with attorney's fees and costs, decreed to him a lien upon the property superior to that of the loan association, and ordered a sale and a distribution of the proceeds accordingly.   From this judgment, and from the order denying it a new trial, defendant, the Germania Building and Loan Association, alone appeals.

By a deed executed on December 5, 1891, plaintiff, the then owner, conveyed to defendant Bunnell the land which is subjected to foreclosure in this suit.   The land was overflowed land within the boundaries of a reclamation district.   The deed was formally executed and acknowledged by both parties to it, and contained the following clauses, covenants, and conditions:

"In consideration of the premises and of the sum of one hundred dollars to him in hand paid by the party of the second part, and of the conditions, covenants, and stipulations by and on behalf of the party of the second part hereinafter expressed and contained, the party of the first part has granted and conveyed," etc.   "To have and to hold the same unto the said party of the second part, his heirs and assigns, but upon and subject to the conditions, covenants, and stipulations by and on behalf of the party of the second part hereinafter expressed and contained. And in consideration of the premises the party of the second part hereby covenants, stipulates, and agrees to and with the party of the first part, his heirs and assigns, that so long as

the party of the first part shall continue to hold the record title to said pumping machinery, the party of the second part will pay to the party of the first part the sum of three dollars, United States gold coin of the present standard, per annum, reckoned from November 1st to October 31st next ensuing, for each several acre, and at the same rate for each fraction of an acre, of the land hereby conveyed, such payment to be made on or before the first day of November in each year; and in case of nonpayment on or before that day, then to bear interest at the rate of one per cent per month from such 1st of November until paid. Provided, however, that if during any season, reckoned from November 1st to May 30th, next ensuing, the water at the pump of said pumping machinery shall, for a period of fourteen consecutive days, stand at a height equal to or higher than five feet of lake gauge as at present established, then any such payment made for that year by the party of the second part shall be refunded to him."

"That all payments herein agreed to be made by party of the second part to the party of the first part shall be, and are hereby, made a lien on the land hereby conveyed, and, in case of nonpayment, may be recovered in any action brought by party of the first part to recover the same and foreclose such lien; and in case any such suit be brought, reasonable counsel fees, to be fixed by the court, shall be allowed the plaintiff."

"That each and all of the covenants, stipulations, and agreements herein contained shall run with and bind the land herein conveyed, and each several acre and fraction of an acre thereof."

The propositions advanced by appellant are three: First, that the agreement is a mere *nudum pactum* upon which no recovery may be had. Herein it is argued that the plaintiff binds himself to nothing, and that there is no consideration whatever for the defendant Bunnell's promise to pay. The instrument being in writing not only imports a consideration for its covenants (Civ. Code, sec. 1614), but Bunnell's agreement to pay under the terms and conditions set forth is expressly declared to be a part of the consideration moving the grantor to the execution of the deed. The burden was upon appellant to show want of consideration (Civ. Code, sec. 1615), and this he has failed to do. It is not of importance, therefore, even if it be true, that there was no obliga-

tion upon plaintiff to pump the water from Bunnell's land. There was certainly an inducement for him to pump, if pumping was necessary to reduce the water level; otherwise he lost his right to demand and to collect the stipulated three dollars per acre.

Second, it is contended that appellant's mortgage was a purchase money mortgage, and as such had priority over plaintiff's lien. This proposition is untenable for the following reasons: A mortgage, given for the purchase of real property at the time it is conveyed has priority over all other liens created against the purchaser, subject to the operation of the recording laws. Such is the declaration of section 2898 of the Civil Code. This is but the recognition of an equitable principle which was early declared. It came into existence at a time when title, and not a mere lien, passed to the mortgagee by virtue of the mortgage. It was recognized that the vendor who had parted with his land, and had taken to secure part payment of the purchase money a mortgage upon that same land, should not suffer an impairment of his security, and perhaps an absolute loss of a large part of the purchase price, by other rights such as dower, or the right of a judgment creditor attaching to the property in the brief time during which title was held by the vendee. To save this result equity formulated the fiction that when the deed and mortgage were part of the same transaction, and well-nigh simultaneous in time, the seisin of the vendee was too short to allow the attachment to the property of any such lien or claim. It is said in somewhat technical justification of the fiction that the execution of the deed and the mortgage, being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through him and vests in the mortgagee without stopping at all, and that during such instantaneous passage liens cannot attach to the title. (*Curtis v. Root*, 20 Ill. 53; 4 Kent's Commentaries, 39; *Mayburry v. Brien*, 15 Pet. 21.)

This equitable principle, where recognized, was frequently extended beyond the vendor in whose interest it was originally formulated, and made applicable to a third person who had furnished the whole or part of the money used in the purchase of the land. In illustration of this may be cited from this state: *Dillon v. Byrne*, 5 Cal. 455; *Lassen v. Vance*, 8 Cal. 271; 68 Am. Dec. 322;

*Carr v. Caldwell*, 10 Cal. 380; 70 Am. Dec. 740. To like effect are the cases of *Clark v. Munroe*, 14 Mass. 351; *Curtis v. Root*, 20 Ill. 53; *Pearl v. Hervey*, 70 Mo. 160; *Moring v. Dickerson*, 85 N. C. 466; *Jones v. Tainter*, 15 Minn. 512; *Carey v. Boyle*, 53 Wis. 574; *Laidley v. Aiken*, 80 Iowa, 112; 20 Am. St. Rep. 408.

But the claims of third persons to have their mortgages upheld as purchase money mortgages have been recognized only when it has been made to appear that the money was loaned to the purchaser for the express purpose, and was used for the express purpose, of paying for the property. Here it is not pleaded nor found that appellant's mortgage was a purchase money mortgage, nor did appellant offer any evidence that it had advanced the money secured by the mortgage for the sole and express purpose of paying for the property. The only evidence in the case is a declaration by Bunnell that he so used the money, but this is not sufficient. It is not made to appear that he was not at liberty to have used it for any other purpose. Therefore, so far as the record discloses, the loan was, like any other advancement of money to the general use of the borrower, secured by a mortgage upon his realty.

Again, the deed and agreement between the vendor and the vendee was itself of record before the execution of appellant's mortgage. If it were to be conceded that appellant's mortgage was a purchase money mortgage, it could take priority only "subject to the operation of the recording laws." By the operation of those laws there was a subsisting, prior, and valid lien upon the property, with notice of which the appellant was charged at the time he accepted the mortgage.

The third proposition of appellant is that, notwithstanding the terms of the agreement, the covenant sued upon does not run with the land. A determination of this question can be of no consequence to this appellant. Its decision might well be of importance to Bunnell's grantee or assign, but, so far as concerns the loan association, under the case presented an adjudication in its favor upon the proposition would not advantage it. If the contract amounts to no more than a personal promise of Bunnell, still it is his promise to do a certain thing, and as security for his performance he has given to plaintiff a lien upon his land which is here foreclosed.

The judgment and order are therefore affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.