[Civ. No. 10112.    Third Dist.    Sept. 1, 1961.]

MERCANTILE COLLECTION BUREAU, Plaintiff and Respondent, v. ARTHUR ROACH, SR., et al., Defendants and Respondents; DOMENICO RUGGIERO, Petitioner and Appellant.

Willard B. Treadwell for Petitioner and Appellant.

Samuel K. Brantley for Plaintiff and Respondent.

WARNE, J. pro tem.*—The respondent Mercantile Collection Bureau levied under a writ of execution issued December 24, 1959, on the real property involved in this appeal, title to the property standing in appellant's name. Appellant then filed his "Petition for Determination of Rights," which is in the nature of an action to quiet title. The trial court entered judgment in favor of respondent Mercantile Collection Bureau. Petitioner, Domenico Ruggiero, appeals from the judgment.

The trial court's findings of fact are substantially as follows: "That the respondent, who is the plaintiff above named, obtained a judgment against the defendants, Arthur Roach, Sr., and Edna L. Roach, for the sum of $889.26 . . . on November 10, 1951, . . . ." An abstract of the judgment was recorded at that time. (At that time the judgment debtors had no interest in the property here involved.) Thereafter, in 1955, the defendant Arthur Roach, Sr., performed work and furnished materials in the construction of a house upon the real property involved herein, which property was at that time owned by Crespo Bianchi. "[T]hat said defendants [Arthur and Edna Roach] acquired an interest in said real property thereby," and that Arthur Roach, Sr., later assigned his claim in the amount of $517 to the appellant, Ruggiero. The appellant in return loaned Roach the money to buy the real property from the estate of Crespo Bianchi. "[T]hat although the administrator's deed by which the Estate of Crespo Bianchi granted, dated August 18, 1955, and recorded September 23, 1955, . . . , to D. Ruggiero, the said D. Ruggiero held said property as trustee for defendant, Arthur Roach, Sr., and said Arthur Roach, Sr., and Edna L. Roach were the true owners."

"[T]hereafter as a result of litigation and stipulation and the order of this Court [Superior Court in Merced] . . . Dom-

*Assigned by Chairman of Judicial Council.

enico Ruggiero executed a grant deed of said property to said defendants who simultaneously executed a promissory note and deed of trust to secure the same, . . . , back to said Domenico Ruggiero.''

"That thereafter said petitioner, Domenico Ruggiero, in order to avoid the lien of plaintiff and respondent herein, conspired with said Arthur Roach, Sr., to become in default; that upon such spurious default the trustee deeded back to Domenico Ruggiero; that such default and foreclosure was a sham.''

The trial court concluded that the respondent Mercantile Collection Bureau was entitled to a judgment declaring that it acquired a valid and subsisting judgment lien on November 10, 1951, which attached to the real property, and now stands as a valid and subsisting lien, with priority to any right, title or interest of the petitioner (appellant herein). Judgment was entered in harmony with the conclusions of law.

Proper analysis of the transactions between the parties requires consideration of the various transactions as they took place.

By the recording of respondent's abstract of judgment in 1951, the respondent Mercantile Collection Bureau acquired a valid lien on all real property of the judgment debtors not exempt from execution in Merced County, then owned by Arthur Roach, Sr., and Edna L. Roach, or which they might subsequently acquire. (Code Civ. Proc., § 674.)    The lien thus created is purely a creature of statute, unknown at common law. (*Boggs* v. *Dunn*, 160 Cal. 283 [116 P. 743]; *Hertweck* v. *Fearon*, 180 Cal. 71 [179 P. 190].)    The term ''real property'' as used in the statute concerning judgment liens is taken in its technical sense, and it has been held that such a lien will not, therefore, attach to a mere equitable interest. (*Belieu* v. *Power*, 54 Cal.App. 244 [201 P. 620]; *Poindexter* v. *Los Angeles Stone Co.*, 60 Cal.App. 686 [214 P. 241]; *Cook* v. *Huntley*, 44 Cal.App.2d 635 [112 P.2d 889]; *Homeland Bldg. Co.* v. *Reynolds*, 49 Cal.App.2d 176 [121 P.2d 59].)    Generally a judgment lien can attach only to property actually owned by the judgment debtor, and he must have a vested interest in the land. (*Wolfe* v. *Langford*, 14 Cal.App. 359 [112 P. 203]; *Belieu* v. *Power, supra*; *Spear* v. *Farwell*, 5 Cal.App.2d 111 [42 P.2d 391]; *Helvey* v. *Bank of America*, 43 Cal.App.2d 532 [111 P.2d 390]; *Cook* v. *Huntley, supra*.)    A mechanic's lien is in the nature of a mortgage and amounts to a charge on the land. (*Brock* v. *Bruce*,

5 Cal. 279; *Ritter* v. *Stevenson,* 7 Cal. 388; *Curnow* v. *Happy Valley Blue Gravel etc. Co.,* 68 Cal. 262 [9 P. 149]; *Laubisch* v. *Roberdo,* 43 Cal.2d 702 [277 P.2d 9].) Thus, the mechanic's lien acquired by Arthur Roach, Sr., was not a property interest to which respondent's judgment lien might attach.

▮ The facts as found by the trial court do not support the judgment. ▮ It is established that to constitute a purchase-money mortgage or deed of trust in California it is not necessary that the vendor take back security for the purchase price; the rule extends to third persons who make a loan to the vendee for the express purpose of purchasing the property. (*Van Loben Sels* v. *Bunnell,* 120 Cal. 680 [53 P. 266]; also see Osborne on Mortgages (1951 ed.), § 213, p. 554.)

▮ The court found that Ruggiero "loaned said defendant, Arthur Roach, Sr., the money to buy said real property from the Estate of Crespo Bianchi; . . . ." The testimony of Arthur Roach supports the finding that the loan was expressly made for that purpose.

Although the complaint in the prior action between Ruggiero and Roach was based upon the theory of constructive trust, the relationship between the parties, upon the facts found by the trial court, was one of purchase-money resulting trust. "The rule is familiar that when, upon a purchase of real property, the purchase-money is paid by one person and the conveyance is made to another, a resulting trust immediately arises against the person to whom the land is conveyed, in favor of one by whom the purchase-money is paid. The real purchaser of the property is considered as the owner, with the right to control the title in the hands of the grantee and to demand a conveyance from him at any time. The same rule prevails if the money paid by the party taking title is advanced by him as a loan to the other, and the conveyance is made to the lender for the purpose of securing the loan. But in the latter case the purchaser cannot demand the conveyance until he has paid the money advanced, and for which the land is held as security. In such a case the grantee holds a double relation to the real purchaser, he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase, and, as in the case of any other mortgage which is evidenced by an absolute deed, is entitled to retain the title until the payment of the claim for which it is held as security; and he may also enforce his lien by an action of foreclosure. The conveyance is none the less a mortgage because it was conveyed to him directly by a third party,

to secure his loan to the purchaser for the amount of the purchase-money, than if the conveyance had been made directly to the purchaser in the first instance, and the purchaser had then made a conveyance to him as a security for the money that he had previously borrowed, with which to make the purchase. . . ." (*Campbell* v. *Freeman,* 99 Cal. 546, 547-548 [34 P. 113] ; see Osborne on Mortgages (1951 ed.), §§ 90, 91; pp. 216, 218.)

Therefore, under the findings of the lower court the implication is that at the time of the transfer by the Bianchi Estate to Ruggiero he was in the position of not only resulting trustee but also of an equitable purchase-money mortgagee. As purchase-money mortgagee, under section 2898 of the Civil Code, Ruggiero's interest at that time was prior to respondent's judgment lien. This is one of the frequent and important instances of the superiority of purchase-money mortgages. (Osborne on Mortgages (1951 ed.), § 213, p. 556.)

*A fortiori* after Ruggiero conveyed to Roach under the stipulated judgment, taking back a deed of trust, his lien was prior to that of respondent Mercantile Collection Bureau. Furthermore, the fact of this transaction lends weight to the inference that Ruggiero had taken absolute title as security for the loan, giving rise to the equitable mortgage at that time.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied September 28, 1961.