[Civ. No. 31105.   Second Dist., Div. Four.   May 16, 1968.]

JACK J. WALLEY, Plaintiff and Respondent, v. P.M.C. INVESTMENT CO., INC. et al., Defendants and Appellants.

Chester P. Guziel and Marshall K. Gordon for Defendants and Appellants.

Jack J. Walley, in pro. per., for Plaintiff and Respondent.

FILES, P. J.—The sole question presented in this appeal is whether, under the admitted facts, plaintiff's title, based upon the enforcement of a judgment lien, has priority over defendants' purchase money trust deed.

The action commenced with a complaint to quiet title to real property. Defendants answered and cross-complained for declaratory relief. Each side then moved for a summary judgment in its favor. The trial court denied defendants' motion and granted plaintiff's motion. Judgment was thereafter

entered adjudging that plaintiff's interest in the property was free and clear of any claim of the defendants.

Inasmuch as the facts alleged and admitted in the pleadings are sufficient to dispose of the controversy on an issue of law, it is unnecessary to discuss either the procedures employed in the trial court or the contents of the affidavits made in support of the motions for summary judgment.

The cross-complaint alleges the following transactions:

On December 14, 1962, Eura Lee Stephens and his wife Virginia executed a deed of trust in favor of defendants[1] to secure a loan. This deed "was in all respects a purchase money deed of trust (as defined by Sec. 2898 of the California Civil Code)." That deed of trust was recorded on January 2, 1963, in the office of the county recorder.

On November 30, 1962, a judgment was entered in the municipal court in favor of Schoettler against Eura Lee Stephens in the sum of $775.78.

On December 10, 1962, an abstract of said judgment was recorded in the office of the county recorder.

A writ of execution was issued under the judgment, and levy was made upon the interest of Eura Lee Stephens. An execution sale was held on February 18, 1964, whereby the interest of Eura Lee Stephens was sold to Schoettler. The marshal's deed to Schoettler was recorded April 8, 1965.

Thereafter Schoettler conveyed his interest to plaintiff.

Plaintiff, as cross-defendant, answered the cross-complaint by admitting all of it except he denied the conclusion that defendants and cross-complainants had a superior interest.

Inasmuch as all parties in this action trace their respective titles to a single source, namely Eura Lee Stephens, neither side is required to go behind the Stephens title to make a case against the other. (*McGorray* v. *Robinson* (1902) 135 Cal. 312 [67 P. 279].) The issue is purely one of law as to which interest is superior. The parties are in agreement that this is the sole issue in the case.

Civil Code section 2898 provides: "A mortgage or deed of trust given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws."

Ogden's California Real Property Law (1956) section 17.32, page 650, says: "A mortgage given by the purchaser to

---

[1]For simplification, transactions between defendants, being immaterial to the issue here, are disregarded.

secure a portion of the purchase price of the property covered thereby takes a special priority, i.e., it is superior to all other liens created against the purchaser, subject to the operation of the recording laws. (C.C. 2898.) The deed and mortgage back are considered as contemporaneous acts and no lien or charge against the purchaser can be prior to the rights of the vendor under his mortgage. (*Tolman* v. *Smith*, 85 Cal. 280 [24 P. 743] ; *Ludy* v. *Zumwalt*, 85 C.A. 119 [259 P. 52].) Thus a deed or mortgage given by the purchaser and recorded before delivery of the deed to him is subject and subordinate to his contemporaneous mortgage to the vendor securing the unpaid purchase price. (*Ludy* v. *Zumwalt*, 85 C.A. 119 [259 P. 52] ; *New Orleans & Ohio Railroad Co.* v. *Mellen*, [79 U.S. (12 Wall.) 362 (20 L.Ed. 434)].) So also the lien of a previously recorded abstract of judgment against the purchaser is subordinate to such mortgage. Even where, at the instance of the purchaser, a third party advances the purchase money with the understanding that the advance will be secured by the property, his security comes within the rule and will be accorded the same priority. (*Van Loben Sels* v. *Bunnell*, 120 Cal. 680 [53 P. 266] ; *Stockton Savings & Loan Bank* v. *Massanet*, 18 Cal.2d 200 [114 P.2d 592] ; *Harris* v. *Youngstown Bridge Co.*, 90 Fed. 322 [33 C.C.A. 69].) '' (See also Osborne, Mortgages (1951) § 213, p. 556.)

■ Plaintiff argues that Ogden and the other text writers are wrong because section 2898 makes the priority of the purchase money encumbrance ''subject to the operation of the recording laws.'' It appears to be plaintiff's theory that this means that the purchase money encumbrance has priority only if it was recorded prior to the other lien. There is nothing in the recording laws to require that. In *Mercantile Collection Bureau* v. *Roach* (1961) 195 Cal.App.2d 355 [15 Cal.Rptr. 710] the court held that a purchase money trust deed had priority over a judgment lien recorded earlier against the purchaser. In *Ludy* v. *Zumwalt* (1927) 85 Cal.App. 119 [259 P. 52] a purchase money mortgage was held to have priority over a lien for water service recorded before the purchase. Those decisions are authority here.

The judgment is reversed with directions to enter a judgment on the pleadings in favor of defendants and cross-complainants.

Jefferson, J., concurred.

BISHOP, J. pro tem.*—I concur in the reversal of the judgment, but do not concur in the directions that accompany the order.

This case came to our attention by defendants' appeal from the summary judgment that was entered, upon plaintiff's motion. That "drastic" remedy (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 452, 398 P.2d 785, 788]) should not have resulted in a judgment for the plaintiff. For one thing, the allegation of his complaint, to quiet title, that "the plaintiff for a long time and hitherto has been, and is now, the owner of an undivided one-half interest in and to" the real property in litigation, was denied. Nowhere in the affidavit offered in support of his motion for a summary judgment, however, was the property identified other than by references to "said parcel of real prop[e]rty." These references were insufficient for the reason that there was no antecedent to which "said" could attach. Other deficiencies could be pointed out. The summary judgment is properly reversed.

I am not persuaded that for it should be substituted another judgment, summarily entered. There has been no motion made for a judgment on the pleadings, and the plaintiff should be given a chance to meet the challenge that his present pleadings are insufficient to raise an issue. I would reverse the judgment with the recommendation that the parties make use of the pretrial procedures strictly to define the issues and proceed from there.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.