**In re Sheila Ann PEDERSON, Debtor.**

**Randall Lawrence Weeks, Appellant,**

v.

**Sheila Ann Pederson, Appellee.**

**BAP No. NC–97–1935–PMeR.**
**Bankruptcy No. 97–43754 TG.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 24, 1998.

Decided Jan. 29, 1999.

As Amended Feb. 25, 1999.

Randall Lawrence Weeks, Walnut Creek, CA, appellant pro se.

David Ashley Smyth, Walnut Creek, CA, for Sheila Ann Pederson.

Before: PERRIS, MEYERS and RUSSELL, Bankruptcy Judges.

### *OPINION*

PERRIS, Bankruptcy Judge.

This appeal concerns whether 11 U.S.C. § 522(f)(1) [1] permits a debtor to avoid a judgment lien that attaches by virtue of a preexisting judgment when a debtor acquires homestead property. Judgment creditor Randall Weeks ("Weeks") appeals from the bankruptcy court's order granting debtor's motion to avoid such a judicial lien. *In re*

---

1. All references are to the Bankruptcy Code, 11

*Pederson,* 215 B.R. 768 (Bankr.N.D.Cal. 1997). We REVERSE.

### FACTS

In 1993, Weeks obtained a state court judgment against debtor. When he recorded an abstract of that judgment in Contra Costa County in 1993, debtor did not own any real property in that county. In 1994, debtor acquired title to real property in the county. Pursuant to California law, the judgment lien created by the recording of the abstract of judgment attached to her interest in the property.

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code in 1997. She moved to avoid Weeks's judicial lien. The bankruptcy court granted the motion, and Weeks appeals.

### ISSUE

Whether a debtor may avoid under § 522(f)(1)(A) a judicial lien that attaches upon acquisition to debtor's interest in real property.

### STANDARD OF REVIEW

The panel reviews matters of statutory construction *de novo.* *In re Morgan,* 149 B.R. 147, 150 (9th Cir. BAP 1993). Where there are no disputed material facts, whether a judicial lien is avoidable under § 522(f)(1) is a question of law that is reviewed *de novo.* *In re Yerrington,* 144 B.R. 96, 98 (9th Cir. BAP 1992), *aff'd without opinion,* 19 F.3d 32 (9th Cir.1994); *In re Barnes,* 198 B.R. 779, 781 (9th Cir. BAP 1996).

### DISCUSSION

Bankruptcy Code § 522(f)(1)(A) provides that

the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section. . . .

A debtor may avoid a lien under that section if

U.S.C. § 101 *et seq.,* unless otherwise noted.

(1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien.

*Estate of Catli v. Catli (In re Catli),* 999 F.2d 1405, 1406 (9th Cir.1993). Debtor has the burden of showing that she is entitled to avoid the lien. *Id.*

Weeks does not dispute that the second and third requirements are met; the only issue is whether there was a fixing of a lien on a property interest of the debtor.

### 1. *Fixing of liens on property of the debtor*

■ Under California law, Weeks's recording of the abstract of the money judgment in Contra Costa County created a judgment lien on real property, which attached to certain of debtor's interests in real property in Contra Costa County. Cal.Code Civ.Pro. §§ 697.310(a); 697.340(a).[2] At the time the abstract of judgment was recorded and the lien created, debtor did not own any real property in Contra Costa County. When debtor later acquired an interest in real property in that county, which she now claims as her homestead, "the judgment lien attache[d] to such interest at the time it [was] acquired." Cal.Code Civ.Pro. § 697.340(b).

In *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court held that a judicial lien obtained simultaneously with an interest in property, such as under a dissolution judgment, is not avoidable, because the lien does not fix on an interest of the debtor in property. The Court noted that "fix" as used in § 522(f)(1) means to "fasten a liability upon." *Id.* at 296, 111 S.Ct. 1825.

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien

on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event—the fastening of a liability—presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, <u>unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).</u>

*Id.* (footnote omitted; emphasis supplied). The critical inquiry is

> whether the debtor ever possessed the interest to which the lien fixed, before it fixed. If he or she did not, § 522(f)(1) does not permit the debtor to avoid the fixing of the lien on that interest.

500 U.S. at 299, 111 S.Ct. 1825.

Weeks argues that, in this case, the judicial lien attached at the same time debtor acquired her interest in the property. Therefore, debtor's interest did not exist before the lien attached, and § 522(f)(1) does not allow avoidance of the lien. Debtor argues, and the bankruptcy court held, that a lien cannot attach until the debtor has an interest in property, and therefore debtor's interest existed before the lien attached.

### 2. *Approaches to determining whether the lien fixed on an interest of the debtor*

#### A. *Temporal approach*

The Supreme Court in *Farrey* adopted a purely temporal approach to determining whether a judicial lien fixed on an interest of the debtor for purposes of avoiding that lien under § 522(f)(1). According to the Court, the dispositive question is: Did the debtor possess an interest in the property at any time before the lien attached? If the answer

---

**2.** Cal.Code Civ.Pro. § 697.310(a) provides:
Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.
Cal.Code Civ.Pro. § 697.340 provides, in part:
Except as provided in Section 704.950 [relating to attachment of a judicial lien to a declared homestead]:

(a) A judgment lien on real property attaches to all interests in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) that are subject to enforcement of the money judgment against the judgment debtor ... at the time the lien was created... [excluding certain types of interests not relevant here].

is no, for example because the lien attached simultaneously with the debtor's acquisition of the interest in the property, § 522(f)(1) does not allow avoidance of the lien.

The Court repeated that view in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), which it decided the same day as *Farrey*. In *Owen*, the creditor obtained a judgment against the debtor at a time when the debtor did not own any real property in the county where the judgment was recorded. When the debtor later acquired property in that county, the judgment lien attached to the property. The debtor sought to avoid the lien under § 522(f)(1). The lower courts denied the motion to avoid. The Court remanded, saying that, under Florida law,

> the lien may have attached simultaneously with the acquisition of the property interest. If so, it could be argued that the lien did not fix "on an interest of the debtor."

500 U.S. at 314, 111 S.Ct. 1833.

The only two circuit courts to have considered the issue have also focused on the temporal aspect of the statute, holding that, where the lien attached at the same time the debtor acquired an interest in the property, § 522(f)(1) could not be used to avoid the lien. In *Owen v. Owen (In re Owen)*, 961 F.2d 170 (11th Cir.1992), the circuit court on remand from the Supreme Court held that,

> Under Florida law, the creditor's recorded judgment became a lien upon the real property thereafter acquired by the judgment debtor at the same time that title was acquired in 1984. "A judgment lien ... springs to life the minute the debtor acquires property to which it attaches." ... The property was acquired and the lien fixed simultaneously in 1984. Therefore, there was never a fixing of a lien *on* an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien. The Supreme Court has held that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to the interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." ...

*Id.* at 172 (citations omitted; emphasis in original).

The Second Circuit reached the same conclusion on facts nearly identical to the facts of this case. In *Marine Midland Bank v. Scarpino (In re Scarpino)*, 113 F.3d 338 (2d Cir.1997), the creditor had obtained and recorded a judgment at a time when the debtor did not own any property in the county where the judgment was recorded. State law provided that a judicial lien would attach to any after-acquired property of the debtor. The debtor acquired an interest in property to which the lien attached. When the debtor filed bankruptcy and sought to avoid the judgment lien, the bankruptcy and district courts held that logic and common sense dictated that a debtor first had to acquire an interest in property before any lien could attach to it.

The Second Circuit reversed. The court said that, under *Farrey*, if the creation of the debtor's interest and the creation of the lien are simultaneous, the lien cannot be avoided. 113 F.3d at 340. The court saw the issue as whether, under New York law, "a judgment lien attaches at the moment of the debtor's postjudgment acquisition of real property or sometime thereafter." *Id.* at 341. The court read New York law as providing that there can be no interval between the debtor's postjudgment acquisition of an interest in property and the fixing of the lien arising from a previously docketed judgment. Were it otherwise, the debtor logically could transfer his interest during that interval, thereby defeating the lien of the judgment creditor. Because the docketed judgment became a lien on the after-acquired property at the time the debtor acquired it, the lien and the interest arose simultaneously, and the debtor could not use § 522(f)(1) to avoid the lien. *Id.*

### B. *Acquisition of property as independent from attachment of lien*

Some of the leading bankruptcy treatise writers take a different approach, focusing on whether the debtor's interest in property was subject to or limited by the judicial lien at the time the debtor acquired it. Under this view, timing is not critical; the critical issue is the extent of the interest the debtor ac-

quired. Thus, there is no "fixing" of a lien on the *debtor's* interest when the lien either attached to the predecessor's interest before debtor acquired it or where a judgment simultaneously creates a new property interest and makes that interest subject to a lien. In those situations, the debtor never possessed the property interest free of the lien.

The authors of *Collier on Bankruptcy* criticize the Supreme Court's focus on the timing of the acquisition of an interest in property and attachment of the lien and the *Scarpino* court's application of *Farrey*. 4 L. King, *Collier on Bankruptcy* ¶ 522.11[4] (15th ed. Rev.1998). According to Collier:

> The more appropriate analysis is that the time of the fixing of the lien on the debtor's interest in the property is not relevant. The reference to fixing instead simply refers to the fact that the lien must attach to the debtor's interest in the property rather than to the interest of the third party.... *In Scarpino*, the creditor's judicial lien affixed to the debtor's interest. This should not, however, result in the judicial lien's being immune from avoidance it otherwise impairs the debtor's exemption.

*Id.* at 522–87.

The authors suggest that, under other provisions of the Bankruptcy Code and the Uniform Commercial Code, a debtor must have rights in collateral before a creditor's security interest can attach. *See* 11 U.S.C. § 547(e)(3) (transfer of property not made until debtor acquires rights in property transferred); U.C.C. § 9–203(1)(c) (debtor must have rights in collateral for security interest to attach). They urge that the same analysis should apply to future cases under § 522(f)(1), which would correctly limit *Farrey* to domestic relations judicial liens. *Id.*

Epstein's treatise also criticizes the Supreme Court's suggestion in *Owen* that a judicial lien that attaches simultaneously with the acquisition of a property interest does not "fix" on an interest of the debtor. 2 Epstein, Nickles, White, *Bankruptcy* § 8–27 (1992). Typically, the author writes, a debtor must acquire an interest in property before a lien can attach to the property. The exception is where the conveyance to the debtor is

itself defined in terms of and limited by the lien, such as where the lien attaches to the prior owner's interest in the property and the debtor takes the property subject to that lien, or where, as in *Farrey*, the interest is created subject to the lien.

The author argues that the after-acquired property situation is materially different from *Farrey*, because the lien arises and operates separately and independently from the creation or granting of the debtor's interest.

> The lien is not built into the interest that is conveyed to her; naturally, therefore, the lien can only attach to the debtor's interest after she acquires the interest. It so happens that in the case of a floating lien, the attachment of the lien follows immediately, even instantly, the debtor's acquisition of her interest; but the two events are not simultaneous. Acquisition is independent of attachment and precedes it.

*Id.* at 557.

3. *Bankruptcy court's approach*

The bankruptcy court followed the second approach, distinguishing this case from *Farrey* and *Owen* and disagreeing with *Scarpino*. The court first interpreted the language of Cal.Code Civ.Pro. § 697.340(b), that a judgment lien attaches to after-acquired property "at the time it is acquired," as meaning not that the lien attaches simultaneously, but "that the sequence of events is so rapid that no other event may intervene." 215 B.R. at 771. Second, it disagreed with the Second Circuit's reading of *Farrey* as focusing solely on the temporal order of events. Instead, it read *Farrey* narrowly as holding only that § 522(f)(1) "may not be used to avoid a judgment lien that is created as part and parcel of the creation of the interest that it encumbers." *Id.*

The bankruptcy court also distinguished *Owen* on its facts because, in *Owen*, when the debtor obtained his interest in the property to which the judgment lien attached, state law did not provide for exemption of that property. A year later state law was changed to provide for an exemption. The bankruptcy court reasoned that the Eleventh Circuit "viewed the judgment lien as compa-

rable to a judgment lien entered against a former owner of the real property that attached to the property before the debtor acquired it." *Id.* at 770 n. 1.

### 4. *We follow the temporal approach*

■ In deciding this case, we return to the source of debtor's avoidance power: the language of the statute. Section 522(f)(1)(A) allows the debtor to "avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . ." The issue is whether the lien in this case fixed on an interest of the debtor in property in such a way as to impair the debtor's exemption. The Supreme Court interprets the statute to require that the debtor have the interest in the property to which the lien attaches, before the lien "fixes," or fastens a liability on that interest.[3]

■ This case differs from *Farrey* in that, here, debtor obtained the entire interest in the property from the seller. The interest she took from the seller was not limited or defined by Weeks's judicial lien. This case is the same as *Farrey,* however, in that debtor never held that interest without the lien attached. Debtor could not have transferred the property away without the transfer being subject to the lien, Cal.Code Civ.Pro. § 697.390, nor was there ever a time when she could claim her homestead exemption before the lien attached.[4] We disagree with the bankruptcy court's interpretation of Cal. Code Civ.Pro. § 697.340(b) as meaning not that the lien attaches simultaneously, but

"that the sequence of events is so rapid that no other event may intervene." 215 B.R. at 771. In our view, the statutory language providing that the lien attaches to after-acquired property "at the time it is acquired" can only mean that the lien attaches simultaneously with the debtor's acquisition of the property.

■ The purpose of § 522(f) is to protect a debtor's exemptions. *Cowan v. Cowan (In re Scott),* 12 B.R. 613, 615 (Bankr.W.D.Okla. 1981). Here, debtor never held her interest, and therefore never had a right to claim an exemption, before the lien attached.[5] We conclude that, as in *Farrey,* the lien in this case attached to debtor's interest in the property simultaneously with debtor's acquisition of that interest, and therefore the lien did not fix on an interest of the debtor in property, as that phrase is interpreted by the Supreme Court.

This result is also consistent with the Second and Eleventh Circuits' decisions in *Scarpino* and *Owen.* The bankruptcy court's reading of *Owen* as distinguishable on its facts disregards the scope of the Supreme Court's remand. In remanding, the Supreme Court noted that, if the lien attached simultaneously with the acquisition of the property interest, "it could be argued that the lien did not fix 'on an interest of the debtor.'" *Owen,* 500 U.S. at 314, 111 S.Ct. 1833. In response to that remand, the Eleventh Circuit decided the precise issue that is now before us: Does § 522(f)(1) allow avoidance of a lien that attaches to a debtor's interest in property at the same time the

---

3. While one can argue that the conclusion reached by the cited treatise authors and the bankruptcy judge makes sense as a matter of bankruptcy policy, we must follow the Supreme Court's interpretation of the pertinent statute.

4. Under California law, a purchase money mortgage has priority over all other liens created against the purchaser, including previously recorded judgment liens. Cal.Civ.Code § 2898; *Walley v. P.M.C. Investment Co., Inc.,* 262 Cal. App.2d 218, 68 Cal.Rptr. 711 (1968); *Mercantile Collection Bureau v. Roach,* 195 Cal.App.2d 355, 15 Cal.Rptr. 710 (1961). That statute merely sets out priorities between competing liens; it does not mean that there is a period of time between acquisition of an interest in property and attachment of a previously recorded judgment lien during which other liens can attach.

5. This panel has said that it

> believes that the language of the Supreme Court in Farrey specifically limited its holding to liens created simultaneously with the creation of the "new" property interests.

*Law Offices of Moore & Moore v. Stoneking (In re Stoneking),* 225 B.R. 690, 695 (9th Cir. BAP 1998). Although the abstract in this case was recorded more than a year before debtor obtained her interest in the property to which the lien attached, the abstract did not effectively "fix" until the lien attached to the property, which occurred simultaneously with debtor's acquisition of the new property interest. Therefore, this result is consistent with *Stoneking,* in which the debtor had an interest in the property to which the lien attached that predated the "fixing" of the lien.

debtor acquires the interest in property? The court read *Farrey* to say that, if a lien attaches at the time the debtor acquires her interest, the debtor does not possess the property interest at any time before the lien attached, and the lien cannot be avoided.

Debtor attempts to explain the Supreme Court's insistence that the debtor acquire the interest in property before the lien attaches as a condition precedent rather than a temporal requirement. That view cannot be reconciled with the Court's statement that "[t]he gerund 'fixing' refers to a temporal event." 500 U.S. at 296, 111 S.Ct. 1825.

We hold that Weeks's judicial lien did not attach to an interest of debtor in property, and therefore the lien is not avoidable under § 522(f).

## CONCLUSION

A debtor must acquire an interest in property before the judicial lien attaches in order to be able to avoid the lien under § 522(f)(1). Because the judgment lien in this case attached at the same time debtor acquired her interest in the property, we REVERSE the bankruptcy court's order allowing debtor's motion to avoid the lien.