MEMORANDUM *
First Federal Bank of California (“First Federal”) appeals from a decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit (“BAP”), which affirmed in part and reversed in part a judgment of the bankruptcy court. The bankruptcy court and the BAP established the priority of competing interests in proceeds from the sale of the property at 6372 Gondola Way in San Jose, California (“the property”). First Federal argues that the BAP erred by (1) finding that Sentinel Trust’s deed of trust had priority over First Federal’s judgment lien and (2) concluding that Chevy Chase Bank, F.S.B. (“Chevy Chase”) is entitled to equitable subrogation. With regard to equitable subrogation, First Federal specifically argues that the BAP should have concluded (a) that First American Title Insurance Company (“Fúst American”) (Chevy Chase’s title insurance company) is the real party in interest in this action, (b) that Chevy Chase (through the real party in interest, First American) engaged in inexcusable and culpable neglect, and (c) that injustice would occur by applying equitable subrogation.
The parties are familiar with the facts of this case, and we do not repeat them here. As discussed below, we affirm in part, reverse in part, and remand to the bankruptcy court with instructions to reinstate its original judgment.[1]
1. Priority of Sentinel Trust’s Interest[2]
We agree with the bankruptcy court that the attempted transmutation of the property was a fraudulent transfer and that Mark Tiffany received a community property interest on March 15, 2001. Accordingly, First Federal’s judgment lien attached to the property on March 15 and has priority over the Sentinel Trust deed of trust.
We reject Chevy Chase’s argument that it was a bona fide purchaser of the property and should therefore obtain priority over First Federal’s judgment lien. “Every conveyance of real property ... from the time it is filed with the recorder is constructive notice of the contents thereof to subsequent purchasers and mortgagees .... ” Cal. Civ.Code § 1213. First Federal’s judgment lien was duly recorded, and Mark’s grant deed, conveying his interest in the property to Melodye, was contained in the “grantor” and “grantee” index. This was sufficient to provide constructive notice of the existence of First Federal’s lien and that it would attach to Mark’s interest in the property.
2. Equitable Subrogation[3]
The bankruptcy court and the BAP correctly concluded that Chevy Chase was *305 entitled to equitable subrogation to the interest of World Savings Bank, F.S.B. (“World Savings”).
a. Real Party in Interest
As we previously held in Mart, we will only consider the title insurance company’s involvement for purposes of equitable sub-rogation when “the title insurance company itself [is] seeking equitable subrogation.” Mort v. United States, 86 F.3d 890, 895 (9th Cir.1996). Here, Chevy Chase is the named party seeking equitable subro-gation, and our analysis does not change merely because First American is fulfilling its contractual obligation to pay for the defense of its insured.
b. Inexcusable and Culpable Neglect
Chevy Chase did not engage in inexcusable and culpable neglect by failing to uncover the existence of First Federal’s judgment lien. As the California courts have noted, “[although equitable subrogation will be denied to a new lender who has actual knowledge of the junior encumbrance, it has long been the rule in California that the fact the junior encumbrance was recorded will not by itself bar equitable subrogation.” Smith v. State Sav. & Loan Ass’n, 175 Cal.App.3d 1092, 223 Cal.Rptr. 298, 301 (Cal.Ct.App.1985).
c. Injustice
Applying equitable subrogation will not result in injustice because all of the lien-holders, including First Federal, will remain in the same position that they held prior to the refinancing. Moreover, if the court does not apply equitable subrogation, First Federal will receive a windfall by moving into a better position with respect to the property than it originally had when its judgment lien attached. Essentially, Chevy Chase would be paying more than $500,000 to First Federal to satisfy Mark’s debt, even though Chevy Chase paid off a deed of trust that had priority over First Federal’s judgment lien, Chevy Chase did not have actual knowledge of First Federal’s judgment lien, and Chevy Chase had a legitimate expectation that it would have first priority. “One cannot fail to see this case as an attempt by [First Federal] to require [Chevy Chase] to pay a portion of [Mark’s debt]. [First Federal’s] claim that equitable subrogation would make it the victim of ‘injustice’ is thoroughly unconvincing.” Han v. United States, 944 F.2d 526, 530 n. 3 (9th Cir.1991).
Accordingly, we conclude that the bankruptcy court correctly disposed of this case. We remand to the bankruptcy court with instructions to reinstate its original judgment. The parties shall bear their own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We conduct an independent review of the BAP's decision; we review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. In re Palau Corp., 18 F.3d 746, 749 (9th Cir.1994).

. At oral argument, both parties conceded that they did not object to the procedures used by the bankruptcy court and that they were not prejudiced by the lack of formal adversary proceedings. See In re Copper King Inn, Inc., 918 ,F.2d 1404, 1406-07 (9th Cir.1990). Accordingly, we will analyze the priority of liens without considering any procedural error.

. Because First Federal's judgment lien has priority over Sentinel Trust's deed of trust, we need not decide if Chevy Chase is also equitably subrogated to Sentinel Trust’s deed of trust. This determination would have no effect on the priority of interests between the parties before the court.