WALLACE, Senior Circuit Judge,
concurring:
I agree that the bankruptcy court’s original judgment should be reinstated. However, I write separately because I believe we can affirm the bankruptcy court’s priority determination without addressing whether Mark Tiffany’s conveyance of his interest in the property to his wife, Melo-dye, was a fraudulent transfer.
Under California law, until a judgment lien is satisfied or extinguished, it remains enforceable against the judgment debtor’s real property interests regardless of whether the property is transferred to a third party. Dieden v. Schmidt, 104 Cal. App.4th 645, 128 Cal.Rptr.2d 365, 369 (Cal.Ct.App.2002); see also CahCode of Civ. P. § 697.390(a) (“[A] subsequent conveyance of an interest in real property subject to a judgment lien does not affect the lien”). Thus, where a judgment debtor transfers his real property interest, and that interest *306 is subject to an unsatisfied judgment lien, the lien may be enforced against the transferred property in the same manner and to the same extent as if there has been no transfer. Weeks v. Pederson (In re Peder-son), 230 B.R. 158, 163 (9th Cir.BAP1999); Cal.Code of Civ. P. § 695.070.
In this case, the bankruptcy court found that Mark acquired an interest in the property as of March 15, 2001, when his community assets were used to purchase the property. This factual finding is not clearly erroneous. In re Marriage of Rives, 130 Cal.App.3d 138, 181 Cal.Rptr. 572, 586 (Cal.App.1982) (upholding trial court’s finding that a residence purchased with community funds was a community asset despite the grant deed to the purchaser’s wife as separate property). Therefore, it does not matter whether or not Mark’s grant deed to Melodye constituted a fraudulent conveyance. First Federal’s judgment lien attached to the property by virtue of Mark’s community interest in the property as of March 15, 2001. When Mark subsequently transferred the property to Melodye, First Federal’s judgment lien remained enforceable against the property, and retained its priority relative to the subsequently recorded lien of Sentinel.
I would therefore affirm the bankruptcy court’s priority determination without reaching the fraudulent transfer issue. In all other respects, I concur in the memorandum disposition.